Griswold *v.* Stoughton.

W. C. GRISWOLD, Respondent, *v.* A. R. STOUGHTON, Appellant.

### *Appeal from Marion County.*

The sheriff having sold lands under an execution, regular on its face, presented to the Circuit Court, for its approval, a deed of premises sold; to which approval, defendant in execution objected, and moved to set aside the sale for reason that the judgment was void, and that there was no judgment roll on file—*Held*, 1. That this court will not go behind the execution, and, on mere motion, inquire into the validity of the judgment recited; 2. Section 20, page 124, Statutes of 1855, provides that, "When the sale is of real property, and consisting of several known lots or parcels, they shall be sold separately,"—*held*, that this provision is directory and not peremptory in its application; 3. That, in the absence of other evidence, or setting forth of fraud, injury, mistake or illegality, than the mere return of the sheriff, it is too late for the judgment debtor to come in, after the time for the redemption has passed, and address to the court a mere motion to void a sale, for the reason that two or more adjacent parcels of land were sold in gross.

GRISWOLD recovered judgment by confession against Stoughton, on the first day of June, A. D. 1857, the entry whereof was duly made upon the journal and lien docket of the late District Court of Oregon Territory for the county of Marion. In April, 1862, execution upon that judgment was issued to the sheriff of Marion county, and on the 20th day of May, 1862, certain tracts of land, belonging to defendant in execution, were sold to satisfy the judgment, Griswold being the purchaser.

On the 23d day of September, 1862, the sheriff presented for approval a deed for said land, pursuant to his sale, in the Circuit Court, and Stoughton then appeared and objected to the approval, and moved to have the sale set aside and declared void, because

*First.* The judgment upon which the execution issued is void.

*Second.* There was no judgment roll remaining in the clerk's office when the execution issued.

*Third.* Several parcels of land were sold in gross, and not separately.

*Fourth.* It does not appear that one of the parcels was sold either on the same, or at the court house door.

*Fifth.* It does not appear that the defendant had no personal property subject to execution.

*Sixth.* The defendant had personal property subject to execution.

The Circuit Court overruled the motion and approved the deed, and from that decision this appeal is taken.

*Smith & Grover*, for appellant.

*B. F. Harding, Esq.*, for respondent.

SHATTUCK, J.   The first two objections cannot be considered in this proceeding.   This is an inquiry about the regularity of proceedings *concerning the sale.*   An execution is here exhibited, regular upon its face, which recites a judgment, and a judgment roll, and upon a mere motion, at this stage of the proceedings, this court will not go back of the execution to inquire into the validity of the judgment recited.

The other points may be considered, and in examining them this court is confined to the record brought in from the court below.   There appears to be no bill of exceptions, and the presumption is that the court below decided the case upon what is here presented ; the judgment entry, the exe-

Griswold v. Stoughton.

cution, the report of the sale, and the motion, substantially as above presented, without further allegations, averments or proofs.

As to the objection respecting personal property of the defendant subject to levy, the return of the sheriff is sufficiently full, and, being presumed true, negatives the assumptions made by the motion.  Both the levy and the return of sale aver that they were made *in default of personal property*.

The objection respecting the *place* where sale was made, is also disposed of by the return, which says: " I exposed for sale as the law directs, on the premises," &c.

The chief question in controversy, then, is respecting the *mode* of sale adopted by the sheriff.  The return describes two tracts of land : One being " claim No. 46, and claim No. 64, all comprising 645.31 acres, embraced in notification No. 565 of A. R. Stoughton, bounded," &c. ;  also, the following premises: " Situate in T. 8, S. R., 3 and 4 W., &c., containing 300 acres, more or less."  Each tract is described as consisting of parcels, legal subdivisions or fractions, known by the maps or plats of the United States surveys, and situate in adjoining townships, and the greater portion in one township.  Whether the six hundred acre parcel was sold by itself as one tract, or whether the two tracts, amounting to about nine hundred and forty-five acres, were sold together as one parcel, does not appear from the return ; neither does it positively appear whether or not the two tracts are adjacent, and could be called one parcel.  It is to be inferred, however, from the description, that they are adjacent and constitute a compact body of land.  The whole tract, the sheriff reports, was sold for one thousand eight hundred dollars, being about two dollars per acre.

The question now is, whether any such irregularity appears in these proceedings as renders this sale void or voidable upon mere motion, after the period for redemption has elapsed. This inquiry involves the construction of the statute of 1854 relative to sales upon execution.  It is provided (*Statutes,*

*page* 124, *section* 20) : " When the sale is of real property, and consisting of several known lots or parcels, they shall be sold separately." If this statute is mandatory, and this provision a peremptory requirement, then it is clear that the sale under consideration is irregular and ought to be set aside. This question has been but once before brought into this court (*Grant* v. *Roberts et al.*, term of 1860, not reported) ; and though no opinion directly in point was given, it was clearly intimated by the court that this statute should be held directory, and not peremptory, in respect of the provision above cited. The same point has, however, been decided in New York and Minnesota. In *Cunningham* v. *Cassidy*, 17 *N. Y. R.*, 278, Denio, J., delivering the opinion of the court, says : " There is a well known distinction between statutory provisions which are of the essence of the proceedings to which they relate and without the observance of which everything that is done is nugatory, and such as are merely model or directory, and the violation of which does not necessarily draw after it the effect of avoiding what has legally been done. After some reflection, and contrary to the opinion which I had formed on the argument, I am prepared to class the direction to sell land on execution in parcels, where it consists of distinct lots or tracts, as falling within the last mentioned class. A judgment is a general lien upon all the land owned by the debtor at the time it was docketed. It is the recovery of the judgment which affects the owner's title, by charging it with the burden of the debt, and the subsequent proceedings relate to the method in which the lien is enforced and executed, and a departure from the prescriptions of the statutes, in conducting these proceedings, may or may not prejudice the judgment debtor or his other creditors." Substantially the same ruling was made in 1 *Minnesota R.*, 183.

We think this is the better and the true rule under our statute of 1854. The main object in adopting one mode or another of conducting sales upon execution, is to obtain the highest price for the smallest amount of the debtor's estate ;

Griswold *v.* Stoughton.

and cases can be cited where a large tract of land in a compact form is so situated that the whole, in gross, on sale, will bring a much higher price, than the aggregate amount that could be obtained by the sale in parcels.  The interest of all concerned would sometimes be promoted by pursuing one mode at other times by pursuing the other.  There should be some discretion allowed the officer as to the mode of sale; and that should be adopted which the  condition of the estate makes most advantageous to the party concerned, though the general rule specified in the statute ought to be followed as far as practicable.  It is to be presumed that an officer has done his duty, and without fraud or oppression.  If it appear that there is great inadequacy of price, or fraud, or abuse of power, or any irregularity that has injured the debtor or his creditors, the sale might be avoided on motion by a reasonable application, upon suitable allegations and proofs.  We are not prepared to hold that a debtor may acquiesce in a sale until after the period for redemption has expired, and then, without averring any oppression, fraud or injury, upon a mere motion based upon the return of the officer, have a sale set aside simply because two or more adjacent parcels of land were sold in gross, and not separately.

In this case it appears that the plaintiff's debt was not paid by the proceeds of the land sold, but that several hundred dollars still remain unsatisfied.  At the same time there is nothing in the record to show that the land was worth any more than was actually bidden upon the sale.  It does not appear that any fraud was practiced, any mistake made by the plaintiff, or the officer, or that any injury was sustained by the debtor, or any of his creditors, by reason of the mode of conducting the sale which the officer adopted.

It is said in argument that Stoughton has a right to redeem any part of the land, but is precluded from redeeming less than the whole by the manner in which the sale was made. If he had actually sought to redeem a part, or been ready

to do so, within the time specified by statute, and been precluded as suggested by counsel, he might have shown it upon his application to avoid the sale, and it might have been considered as a presumption of injury and oppression, but he made no such application; he waited until the time for redemption had expired; and then came in with a mere motion, based solely upon the apparent irregularity above referred to. We do not think that the defendant has made a record in the court below which entitled him to relief, and upon this record we do not think that the Circuit Court committed any error in confirming the sale, and approving the deed.

Judgment is affirmed.