THE BANK OF BRITISH COLUMBIA, RESPONDENT, v. W. W. PAGE AND WIFE, APPELLANTS.

EXECUTION SALE—SEPARATE LOTS, SOLD TOGETHER.—A sheriff selling real property on execution which consists of several town lots, can sell the same separately or together in his discretion. And unless there be an apparent abuse of this discretionary power, the court ought not to set aside the sale for that reason.

IDEM—LEVY, NOT NECESSARY ON FORECLOSURE.—Where an execution is issued upon a decree of foreclosure to sell mortgaged property, it is not necessary that the sheriff should make a levy upon the premises before proceeding to sell the same.

APPEAL from Multnomah County. The facts are stated in the opinion.

There was no appearance for appellant.

*W. H. Effinger*, for respondent.

By the Court, KELLY, C. J.:

This is an appeal from an order of the circuit court for Multnomah county, confirming the sale upon execution of four lots of ground in the city of Portland. The objections filed to the confirmation were: 1. That there is no evidence that legal notices of said sale were made as prescribed by law; 2. The lots were not sold separately as required by law.

The sheriff's return, indorsed on the execution, shows that

he posted printed notices of the time and place of sale for four weeks successively prior to the day of sale, in three public places in Multnomah county, particularly describing the property levied on; that he published the notice once a week for four weeks successively in the Weekly Bee, a weekly newspaper of general circulation published in Multnomah county, by all of which notices the said real estate, particularly described, was advertised to be sold at public auction on Friday, the nineteenth day of October, 1877, at ten o'clock A. M., at the court-house door in Multnomah county.

The return of the sheriff shows that in publishing the notices of the sale he fully complied with the requirements of law as set forth in section 288, p. 167 of the civil code.

The next objection urged against the confirmation is, that the lots were not sold separately, as required by law. The return shows that the sheriff first sold lot 6 in block 200; then lots 2 and 3, in the same block, and lastly, lot 7 in the same block.

The statute prescribing how real property shall be sold on execution, says: " When the sale is of real property, and consisting of several known lots or parcels, they shall be sold separately, or otherwise as is likely to bring the highest price." This leaves the sale of real property, consisting of several known lots, entirely to the discretion of the sheriff as to whether he will sell it in separate parcels or not. And unless there be an apparent abuse of this discretionary power, the court ought not to set aside the sale for that reason alone. (*Griswold* v. *Stoughton,* 2 Or. 61.)

There is another assignment of error in the notice of appeal on a point not made in the court below: That no levy was made upon the said real property, before the sale thereof.

The sheriff in his return certifies that he "received the decree and order of sale on the seventh day of September, 1877, and on the —— day of ——, 18—, levied on the real estate mentioned and described in said decree and order of sale, which is as follows [here description of lots]. It is apparent from the return that the levy was made after the

receipt of the writ, and before the sheriff gave notice of the sale.

This would be sufficient in any case where there are no intervening rights of third persons to be affected on account of the want of a levy. The only effect of the levy of an execution upon real estate is to make the actual interest of the defendant therein liable to be taken and sold to satisfy the writ, and to make the title deraigned through such sale paramount to all conveyances and incumbrances made subsequent to the levy. (Freeman on Executions, sec. 282.)

In this case we consider that it was not necessary for the sheriff to make a levy, as the sale was to be made of mortgaged premises, upon a decree of foreclosure. When a judgment, upon which an execution has issued, is a lien upon land, it is not necessary that the sheriff should make any formal levy or seizure before proceeding to advertise and sell. The judgment binds the land which is already in the custody of the law, before the execution issues. The execution comes as a power to enable the creditor to reap the fruits of the seizure already made. (*Ward* v. *Calvin*, 5 Hill. 228.)

The same rule should govern in the sale of mortgaged premises upon a decree of foreclosure, and when an execution is issued thereon, it is not necessary that the sheriff should make a levy upon the premises before proceeding to sell the same.

The judgment of the circuit court is affirmed.