Argued April 24; decided August 5, 1895.

BALFOUR *v.* BURNETT.

[41 Pac. 1.]

1. WHO ARE "THIRD PERSONS"— EXECUTION SALES— CODE, § 292.—Parties to a decree for the foreclosure of a mortgage, and who are bound thereby, are not "third persons" as to a sale under the decree, within the meaning of Hill's Code, § 292, providing that real property consisting of several lots or parcels shall be sold separately when a portion is claimed by a "third person" who requests that it shall be so sold. Under this section the term "third person" evi-

dently means one who was not a party to the judgment or decree, but who has acquired title to a portion of the judgment debtor's real property subsequent to the rendition of the judgment or decree, and is privy to and bound by it.

2. EXECUTION SALES OF REAL ESTATE— CONFIRMATION — CODE, § 292.— Under the terms of section 292, Hill's Code, the sheriff may sell real property on execution in separate parcels or *en masse*, and after confirmation his action will not be reviewed, unless it is shown that he has abused the discretion confided in him: *Leinenweber* v. *Brown*, 24 Or. 548, and *Bays* v. *Trulson*, 25 Or. 110, approved and followed.

APPEAL from Douglas: J. C. FULLERTON, Judge.

This is an appeal from an order confirming a sale of real property. The facts are that Balfour, Guthrie and Company, having obtained a decree foreclosing a mortgage on certain tracts of contiguous land in Douglas County, caused an execution to be issued against the property adjudged to be sold, directed to the sheriff of said county, who advertised the sale to take place on February twenty-fourth, eighteen hundred and ninety-four, at which time the defendants, Thomas B. Burnett, Jasper Waite, and Shirley Waite, claiming a portion of said premises, requested the officer to sell the same separately, but, after offering for sale a part of the lands so claimed by them, and failing to receive any bid therefor, the sheriff sold the mortgaged premises *en masse* to the plaintiffs, who, upon the return of the officer, moved the court for an order confirming the sale, to which the said defendants filed objections. These having been overruled, the court made an order confirming the sale, from which the said defendants appeal, and contend that they claimed a portion of the mortgaged premises as "third persons," and, having requested the sheriff to sell the same separately, his failure to do so was an irregularity which should avoid the sale.

AFFIRMED.

Opinion by MR. JUSTICE MOORE.

1.   The statute prescribing the manner of sale, so
far as applicable to the case at bar, is as follows:
"When the sale is of real property, and consisting of
several known lots or parcels, they shall be sold separ-
ately or otherwise, as is likely to bring the highest
price, or when a portion of such real property is
claimed by a third person, and he requests it to be
sold separately, such portion shall be sold separately":
Hill's Code, § 292.   A proper definition of the term
"third person" is important in the determination of
the defendants' right to insist upon a separate sale of
that portion of the mortgaged premises so claimed by
them.   Bouvier, in his law dictionary, in defining the
term, says: "But it is difficult to give a very definite
idea of 'third persons,' for sometimes those who are
not parties to the contract, but who represent the
rights of the original parties, as executors, are not
to be considered third persons"; while Anderson, in
his more recent work, referring to the term, says:
"Strangers are 'third persons' generally,—all persons
in the world except parties and privies.   For example,
those who are in no way parties to a covenant, nor
bound by it, are said to be strangers to the cove-
nant."   The latter definition would seem to make the
term synonymous with strangers, but, since a person
claiming a portion of the premises subject to the lien
of a judgment must be in privity with the judgment
debtor and bound by the judgment, he could not be
a stranger to it, and hence the definition given by
Anderson is not applicable to the term as used in the
statute; for, if the person claiming a portion of the
premises offered for sale were a stranger to the judg-
ment, his property would not be bound by it, and

there would be no necessity to request a separate sale, and any attempt to sell it as the property of the judgment debtor would be restrained upon invoking the equitable powers of the court. In *Leese* v. *Clark,* 20 Cal. 425, the court, interpreting an act of congress which, *inter alia,* provided, "And be it further enacted that the final decrees rendered by the said commissioners or by the district or supreme court of the United States, or any patent to be issued under this act, shall be conclusive between the United States and the claimants only, and shall not effect the interest of third persons," said: "The term 'third persons' refers not to all persons other than the United States and the claimants, but to those who hold independent titles arising previous to the acquisition of the country. The latter class are not barred by the decree and patent, for they do not hold in subordination to the action of the government, nor by any title subsequent, but by title arising anterior to the conquest."

It will be seen that the court in this case limits the term to a particular class, and does not extend it to all persons other than the United States and claimants thereunder, thus conclusively showing that it is not in all casses synonymous with "stranger." The term "third person," as used in the statute under consideration, evidently means one who was not a party to the judgment or decree, but who has acquired a title to a portion of the judgment debtor's real property subsequent to the rendition of the judgement or decree, and is privy to and bound by it. Having obtained his title subsequent to the lien of the judgment, he is entitled, upon request, to have that portion of the debtor's estate claimed by him sold separately, in order that he may redeem it from the sale, but if he has secured a title to all the real property

which the judgment debtor had, or all that was sub-
ject to the lien of the judgment, he has put himself
in the place of his grantor, so far as the property is
concerned, and cannot insist upon a separate sale of
any portion of it. In the case at bar the record dis-
closes that the appellants were parties to the decree
and are bound by it, and, applying the interpretation
above given, they are not "third persons" within the
meaning of the statute. Had they desired a separate
sale of that portion of the mortgaged premises so
claimed by them, they had the right to invoke the
aid of the court to adjust their equities, and by a de-
cree prescribe the manner of sale (2 Jones on Mort-
gages, § 1616); but, failing to apply for this relief
when they were before the court, they cannot now
claim to be "third persons" to the decree, and hence
had no right to insist upon a separate sale.

2. The statute invests the officer making a sale of
real property in such cases with a discretion which
will not be reviewed except for abuse: *Griswold* v.
*Stoughton,* 2 Or. 64 (84 Am. Dec. 409); *Dolph* v. *Barney,*
5 Or. 211; *Bank of British Columbia* v. *Paige,* 7 Or. 455;
*Leinenweber* v. *Brown,* 24 Or. 548 (34 Pac. 475); *Bays* v.
*Trulson,* 25 Or. 109 (35 Pac. 26). And the sheriff hav-
ing sold the premises *en masse,* it must be presumed
that the method adopted was the one best calculated
to realize the greatest amount for the property sold.
There being no error in the order confirming the sale,
it follows that it must be affirmed, and it is so ordered.

AFFIRMED.