Argued June 27, modified July 11, 1928.

F. A. BRUCKMAN *v.* JOSEPH M. HEALY ET AL.

(268 Pac. 1001.)

For appellant there was a brief over the name of *Messrs. Huntington, Wilson & Huntington,* with an oral argument by *Mr. W. M. Huntington.*

For respondent there was a brief and oral argument by *Mr. John H. Hall.*

BELT, J.—This is a suit to foreclose two mortgages on a quarter section of land in Marion County, known as the Breitenbush Hot Springs property. On April 21, 1924, defendant Healy executed a mortgage in favor of Gale S. Hill and Emily G. Ward, on an undivided two-thirds interest in the above property, to secure the payment of two promissory notes of even date, one in the sum of $9,000 maturing July 11, 1926, and the other for $19,500 due July 11, 1928. The other mortgage which is the basis of the second cause of suit was executed by defendant Healy on April 25, 1924, in favor of A. L. Mansfield, covering an undivided five-eighteenths interest in the same property to secure the payment of two notes of even date, one for $4,000, due July 14, 1926, and the other for $8,000, due July 14, 1928. Prior to the commencement of suit these two mortgages were sold and assigned to plaintiff. Defendant defaulted in payment of the $9,000 note and the $4,000 note when due, and the plaintiff, by virtue of the acceleration clauses in the mortgages, exercised his option to declare the whole of the principal sum and interest due and payable on all of the notes described in both mortgages. Suit was commenced on July 27, 1926, and, on April 7, 1927, a decree was entered directing a foreclosure of the two mortgages under one sale and providing that no deficiency judgment be allowed since the mortgages were given to secure balance of purchase price of the property.

Defendant Healy asserts that the decree is erroneous in that it provides that his undivided two-thirds interest covered by one mortgage and his

undivided five-eighteenths interest covered by the other mortgage be sold at a single sale and that the proceeds thereof be applied to payment of the entire judgment. In other words, it is appellant's contention that, if plaintiff be entitled to a decree, the property covered by the respective mortgages should be sold separately, in order that his right of redemption be fully protected. It is plain that the decree does not contemplate separate sales as it provides: "That out of the proceeds of said sale will be paid, 1. The costs and expenses of said sale; 2. The sum of $45.30 to plaintiff, his costs and disbursements herein; 3. The sum of $3,163 as attorney's fees allowed plaintiff in this suit; 4. The sum of $40,500 and interest thereon to date of sale; 5. That the remainder of the proceeds of said sale be paid to defendant Joseph M. Healy, as his interest may appear."

■ ■ Respondent argues that, under Section 238, Or. L., it is discretionary with the sheriff making the sale of real property as to whether it shall be sold in parcels or *en masse*. That this is the general rule is beyond controversy: *Balfour* v. *Burnett,* 28 Or. 72 (41 Pac. 1); *Bank of British Columbia* v. *Page,* 7 Or. 454; *Griswold* v. *Stoughton,* 2 Or. 61 (84 Am. Dec. 409). However, this rule does not obtain where the decree directs the mode or method of sale. Under such circumstances the officer has no discretion and must not deviate from the manner in which the decree directs the sale to be made: 16 R. C. L. 51; Jones on Mortgages (8 ed.), § 2082. In the instant case it must be borne in mind that we are not dealing with a mortgage covering different parcels of land. Neither were the mortgages given to secure the same debt. They represent separate and distinct transac-

tions. We think the mortgagor is entitled to exercise his right of redemption under each mortgage. If the property be sold in the manner provided by the decree this valuable right which the statute affords to him will be destroyed, as he could only redeem by paying the amount of the entire judgment. The right to redeem is a favorite of equity: *Caro* v. *Wollenberg,* 68 Or. 420 (136 Pac. 866). Furthermore, if the sale be made as contemplated, it would result in hypothecating one mortgage for the debt secured by the other: *Peck* v. *Hapgood,* 10 Met. (Mass.) 172. This method of sale is particularly objectionable in view of the fact that the mortgagee must look to the land for satisfaction of his debt and cannot obtain any deficiency judgment. To comply with the contract of the parties and to protect the mortgagor in his right of redemption, we hold that separate sales must be had and that the proceeds shall be applied in satisfaction of the indebtedness evidenced by the notes described in the respective mortgages.

■ It is undisputed that defendant defaulted in payment of the $9,000 note and the $4,000 note when due. It follows that the mortgagee or his assignee, under the acceleration clauses of the mortgages, had the right to declare all notes due and payable, notwithstanding such acceleration clauses did not appear in any of the notes: 41 C. J. 847.

■ It is urged that, since the mortgages were given to secure the payment of the purchase price, it was error for the court to enter personal judgment against the defendant for the amount due on the notes. We do not so construe the decree. It is plain therefrom that the plaintiff, in the satisfaction of the indebtedness of the defendant, is limited to the real property described in the mortgages. There was

no decree rendered for the recovery of the amount due on the notes. The fear of defendant that he might be obliged to pay in the event that the proceeds of the property did not satisfy plaintiff's claim is more fanciful than real. The trial court took the precaution to recite in the decree that "no deficiency judgment will be allowed herein." The form of the decree is substantially in keeping with the statute and with the law as declared by a majority of the court in *Wright* v. *Wimberly,* 94 Or. 1 (184 Pac. 740).

■ It was error for the court to award plaintiff attorney fees in excess of the amount demanded in the complaint. Since the cause is tried *de novo,* this court will allow an attorney fee of $1,700 for foreclosure of the mortgage described in the first cause of suit, and the sum of $800 as attorney fee for foreclosure of mortgage in the second cause of suit.

We see no merit in other contentions made by appellant, and pass them without comment.

The cause will be remanded with directions to modify the decree entered and to proceed not inconsistent with this opinion. Neither party will recover costs nor disbursements in this court.    MODIFIED.

RAND, C. J., and BEAN and BROWN, JJ., concur.