[Civ. No. 6835. First Appellate District, Division Two.—July 10, 1929.]

GUY REDWINE, Appellant, v. E. GEORGE TROWBRIDGE et al., Respondents.

G. E. Redwine for Appellant.

H. W. A. Weske for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to recover damages for an alleged conversion of his interest in an automobile. The defendants appeared and filed separate answers. A trial was had before the trial court sitting without a jury. The trial court made findings in favor of the defendants and the plaintiff has appealed under section 953a of the Code of Civil Procedure.

Facts admitted by the pleadings, or found by the court, among others included the following: The defendant Mathews was constable of Santa Rosa township, Sonoma County, California, and the defendant Belden was his bondsman. On the twenty-third day of October, 1925, the plaintiff was the owner of an automobile. On that date the plaintiff and Jones entered into an executory contract of sale. By the terms of that contract there was a conditional sale to Jones and the purchaser paid down $300, leaving $979.50 unpaid, and of that sum three installments of $88.94 were past due at the time of the attachment. By the terms of that contract title to the automobile remained in the seller until all payments were made; and if the purchaser failed to make his payments on time the seller could at his option, without demand or notice, take possession of the automobile. On the twenty-third day of February, 1926, the defendant Trowbridge in the Justice's Court commenced an action against *this plaintiff*, Jones and Morris, to recover a judgment for $104.13. On the same day he took out an attachment which was levied on the automobile. On the thirteenth day of April, 1926, he recovered a judgment against the defendant Jones for his demand and costs. On the ninth day of May, 1926, Trowbridge took out an execution which directed the constable to levy on the property of the defendant Jones, and the constable proceeded to levy it and did levy it on the automobile. Thereafter notice was duly given and on the seventeenth day of May, 1926, at the sale under execution the automobile was sold to the defendant Trowbridge. On the eleventh day of May, 1926, this plaintiff served on the defendant Mathews a written claim and demand setting forth his title to the automobile and therein reciting "Demand is hereby made upon you for the payment of the balance of the purchase price of the aforesaid automobile amounting to the sum of $979.50." At this point it should be noted that the judgment in the attach-

ment case was entered on the thirteenth day of April and the record shows that the case was not dismissed as to this plaintiff, but does not show whether an appeal had or had not been taken and the time to appeal did not expire until the thirteenth day of May—two days after the claim and demand just mentioned and referred to. On the fourteenth day of June, 1926, this plaintiff made a demand on each of the defendants for the possession of the automobile or the payment of the balance due, and such demand was refused. At the time of the sale of the automobile by the defendant Mathews to the defendant Trowbridge the automobile was of the value of $1,025.

■ As against the defendants in the attachment suit the terms of the conditional sales contract are binding. The title to the automobile rested in this plaintiff. As Jones was in default, under the terms of the contract this plaintiff was entitled to the possession of the automobile at the time of the attachment and at the time of the execution sale. (35 Cyc. 710.) It therefore appears that a complete case existed in favor of the plaintiff.

■ In his complaint the plaintiff alleged that after full knowledge of his rights and claims the defendant Mathews sold to the defendant Trowbridge. That allegation was denied by the defendants. Such denial created an immaterial issue. (*Poggi* v. *Scott*, 167 Cal. 372 [51 L. R. A. (N. S.) 925, 139 Pac. 815].)

In the third and fourth findings of fact, and in another finding of fact misplaced and appearing as the second conclusion of law, facts are set forth to the effect that the certificate of registration which was in the container attached to the car when the car was attached, showing incomplete title in this plaintiff, in other words, that it showed title in C. L. Bihn. All of these facts were outside of the issues and, as will presently appear, were also immaterial.

■ In the answers of the defendants they pleaded that no sufficient third-party claim was served on the constable. As this plaintiff, Guy Redwine, was a party to the action in the justice's court he was a second party and not a third party, and therefore had no opportunity to make a claim as a third party.

The defendants claim that this plaintiff had no complete title which would support his action. (*Parke* v. *Franciscus*,

194 Cal. 284 [228 Pac. 435]; *General Motors Accept. Corp.* v. *Dallas,* 198 Cal. 365 [245 Pac. 184].) Those cases are not at all in point as to the facts of this case. (*Balfour* v. *Burnett,* 28 Or. 72 [41 Pac. 1, 2].)

On April 12, 1924, the Ukiah Auto Supply Company negotiated a sale to C. L. Bihn. That sale was recorded April 19, 1924, and certificate issued. It was in the car when the car was attached. On October 23, 1925, Ukiah Garage made a purported sale to Jones. On February 4, 1926, a certificate issued to Ukiah Garage, Guy Redwine, proprietor. On April 13, 1926, the car was attached in the possession of Jones. Ukiah Auto Supply Company was Banker and Crawford. (Tr. 71a, 71b.) Ukiah Garage was Guy Redwine. Guy Redwine brought this action in his own name. On the trial (Tr. 8) the variance between Ukiah Garage as owner and Guy Redwine as owner was challenged. The reply was that the defendant had not pleaded the defense. (*Cook* v. *Fowler,* 101 Cal. 89 [35 Pac. 431].) The objection was overruled. The ruling was correct.

■ As the case was submitted to the trial court the plaintiff showed the car to be registered in the name of Ukiah Garage and that he was the Ukiah Garage. The evidence does not show that the transfer to Jones was registered. It follows that no title rested in Jones subject to attachment and, notwithstanding the contract of October 23, 1925, the plaintiff was the owner (Motor Vehicle Act, sec. 45, subd. e) and the transfer to Jones was incomplete.

From what we have said it appears that the judgment was erroneously entered in favor of the defendants and that, on the admitted facts and the findings as made by the trial court, the judgment should have been in favor of the plaintiff for $1,025, the admitted value of the car.

The judgment is reversed and the trial court is directed to enter judgment in favor of the plaintiff in accordance with the views herein expressed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 2, 1929.