Argued July 10, affirmed August 7, 1975

TASSOCK, *Respondent, Cross-Appellant, v.*
HOGAN, *Appellant, Cross-Respondent* (398-753).

538 P2d 910

*Henry L. Bauer,* Portland, argued the cause for appellant, cross-respondent. With him on the briefs was Bauer, Murphy, Bayless & Fundingsland, Portland.

*Donald A. Burns,* Portland, argued the cause for respondent, cross-appellant. With him on the brief was Miller, Anderson, Nash, Yerke & Wiener, Portland.

HOLMAN, J.

This is a suit by the receiver of the Standard Investment Company upon a note and for foreclosure of a real property mortgage which secures it. Defendant Jack Hogan appeals from a decree giving judgment upon the note and foreclosing the mortgage. Plaintiff cross-appeals from the failure of the trial judge to award attorney's fees.

Defendant first contends the trial court erred when it awarded judgment upon the note since there was no evidence excusing non-production of the note at trial nor any evidence that a reasonable search had been made for it.[1] Defendant's position is not well taken. After plaintiff alleged the terms of the note in paragraph IV of his complaint, he further alleged therein that "[s]ince the execution of said note, Standard has been the sole owner and holder of said note and the mortgage hereinafter alleged." These allegations were admitted by defendant's answer and the case went to trial on August 8, 1974. Both sides rested late in the afternoon and the case was recessed until Monday morning, August 12, for argument, at which time the following transpired:

> "MR. BAUER [defendant's attorney]: May it please the Court, before we get into our summary of the case, I want to clear up what I think is a pleading technicality. I think it is fairly clear what our position has been in this case, but relative to the mortgage foreclosure suit for some $22,000, we have admitted Paragraphs I through V of the Plaintiff's Complaint, and denied Paragraphs VI through X, and then we allege that the note re-

---

[1] ORS 73.8040. "Lost, destroyed or stolen instruments. The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. * * *."

ferred to in Plaintiff's Complaint has been fully paid. That has been our position consistently.

"I noticed that in rereading the pleadings that on Paragraph II [sic] of the Complaint at line 12, counsel has made the separate allegation that says, 'Since the execution of said note, Standard has been the sole owner and holder of said note and the mortgage hereinafter alleged.'

"Well, I think that is, our admission of that is a little inconsistent with saying it's been fully paid. I think, to be the owner and holder of something, there has to be a valid obligation, so we would, we should properly deny that, you know, as of this time, that they are the owner and holder of the note and the mortgage, since we have alleged that it's been paid, I think properly we say that there is no longer any note or mortgage, so consistent with the evidence that we have presented in our position and in our pleadings, that allegation should properly have been denied.

"THE COURT: All right, sir.

"MR. BURNS [plaintiff's attorney]: I think your position has been clear, and the only reason that allegation is there was to indicate it was not assigned, and there was never any question about your position. That was clear."

■ It is our conclusion that since defendant admitted Standard was the owner and holder of the note he could not avail himself of plaintiff's failure to produce the note or evidence to excuse its non-production. Although defendant's admission was retracted by the court's allowance of an amendment after all the proof was in, it is apparent that by the amendment defendant was trying only to prevent jeopardizing his affirmative plea of payment. He was not contending, if his plea of payment was not sustained by the trial court, that Standard was not then the owner and holder of the note.

Defendant next contends the trial court erred in entering judgment for plaintiff since there was no proof of any debt or of the amount thereof. Defendant claimed the note had been paid by a settlement. Plaintiff produced a ledger card of defendant's account across which was written, "Paid in Full." The words had been crossed out, however, and the account showed an unpaid balance as well as payments which were made upon the account subsequent to the claimed settlement. There was evidence by a former Standard officer that he did not recall cash being received in the amount defendant claimed to have paid in settlement, and also evidence by an accountant of the receiver that a search of Standard's records showed no evidence of settlement of the note. There was also evidence that subsequent to the claimed settlement, when Standard threatened foreclosure, defendant gave an unsecured note to Standard for delinquent interest and principal payments on the note upon which the foreclosure proceeding is brought.

■ Defendant admits that the trial court did not have to believe defendant's evidence of payment. However, he argues that plaintiff's failure to produce the note or to show an adequate excuse therefor, together with the words "Paid in Full" written on the account, is sufficient to prevent a finding of an amount due and owing, and, therefore, plaintiff has not carried the burden of proof. As previously discussed, it was unnecessary for plaintiff to produce the note because of defendant's judicial admission, and, therefore, no presumption of payment can be garnered from nonproduction of the note. Plaintiff's evidence set forth above was sufficient to overcome any inference of payment which was raised by the scratched out words, "Paid in Full," and we conclude the trial judge was correct in finding that plaintiff carried his burden of proof of the debt.

■ Plaintiff claims by his cross-appeal that the trial court erred in failing to award attorney's fees in case of foreclosure as provided by the mortgage. We believe the question to be moot even if attorney's fees should have been allowed by the trial court because the record discloses that the mortgage was a purchase money mortgage. The property covered by the mortgage was sold to plaintiff on foreclosure during the pendency of this appeal for the amount of the trial court judgment. This judgment did not include an award for attorney's fees. There remain no secured assets with which to satisfy any judgment that might now be awarded for attorney's fees. When a personal judgment is entered against the mortgagor in the foreclosure of a purchase money mortgage, the excess over the amount realized from a sale of the mortgaged realty is void. *Stretch v. Murphy,* 166 Or 439, 447, 112 P2d 1018 (1941); ORS 88.070. In addition, upon redemption the defendant can be required to pay only the price paid for the property by the purchaser at foreclosure sale plus those other charges provided by ORS 88.080 and 23.560(2). Defendant could not be forced upon redemption to pay a judgment for attorney's fees awarded subsequent to sale on foreclosure.

The judgment of the trial court is affirmed.