Argued July 10, affirmed August 7, 1975

TASSOCK, *Appellant, v.* HOGAN (398-752),
*Respondent.*
538 P2d 909

*Donald A. Burns,* Portland, argued the cause for
appellant. With him on the briefs was Miller, Ander-
son, Nash, Yerke & Wiener, Portland.

*Henry L. Bauer,* Portland, argued the cause for respondent. With him on the brief was Bauer, Murphy, Bayless & Fundingsland, Portland.

## HOLMAN, J.

Plaintiff, as the receiver for Standard Investment Company, brought this action on an unsecured note in the amount of $2,240, which note defendant had given to Standard. Plaintiff appeals from a judgment for defendant.

The note was given to bring current the obligation of defendant on a prior promissory note, which prior promissory note was secured by a mortgage. The very statement of the facts sounds like fiction because the practice of substituting an unsecured obligation as partial satisfaction of a secured obligation would seem to be of at least doubtful sagacity. However, it is apparently typical of the course of conduct which brought Standard into receivership.

The prior indebtedness which was secured by the mortgage is also the subject of litigation, as a suit was brought by the receiver on that obligation and to foreclose the mortgage which secured it. The present action and the foreclosure suit were combined for trial and the result in each is separately appealed. The foreclosure suit resulted in judgment being given upon the original indebtedness and the foreclosure of the mortgage which secured it. This result was affirmed upon appeal by this court. See *Tassock v. Hogan,* 272 Or 694, 538 P2d 910 (1975), decided this date. In that litigation the judgment included a recovery upon the original secured note for the amount for which the note involved in the present case was to be substituted. No issue was made by either party in the appeal of the foreclosure case about the inclusion of this amount in the judgment.

Plaintiff, having recovered judgment for the entire unpaid balance of the original note, cannot again recover a part of the amount covered by that judgment, and the issue of recovery on the note in this case is moot. Plaintiff admits in his brief that his principal reason for bringing this appeal was to protect himself in case the judgment he received in the foreclosure suit was reversed.

The judgment of the trial court is affirmed.