Argued and submitted September 14, 1987, affirmed August 10, reconsideration
denied September 30, petition for review allowed November 1, 1988 (307 Or 101)

# FEDERAL DEPOSIT INSURANCE
# CORPORATION,
*Respondent,*

*v.*

# BURDELL et ux,
*Appellants.*

## (16-86-04163; CA A43052)

759 P2d 282

Harold D. Gillis, Eugene, argued the cause and filed the briefs for appellants.

Paul V. Vaughan, Eugene, argued the cause for respondent. With him on the brief were William L. Philbrick and Hershner, Hunter, Moulton, Andrews & Neill, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action against defendants Burdell (defendants) for the judicial foreclosure of a trust deed and a deficiency judgment. Defendants appeal a final judgment entered after the court granted plaintiff's motion for summary judgment, assigning as errors the court's entering a personal judgment against them, applying a 1985 amendment to ORS 86.770(3) and awarding costs, disbursements and attorney fees to plaintiff. We affirm.

We view the record in the light most favorable to the defendants, the parties opposing the motion. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). In June, 1983, defendants bought a 79 percent interest in a house and lot in Lane County from Empire Financial Services, Inc. (Empire), giving Empire a promissory note for $47,425, secured by a trust deed. Empire subsequently assigned the note and its interest as beneficiary under the trust deed to Emerald Empire Banking Company (Banking). On February 3, 1984, plaintiff was appointed Banking's receiver and acquired the note and all of Empire's interests in the property, including its interest as beneficiary under the trust deed. Thereafter, defendants defaulted under the note and trust deed. Plaintiff accelerated the balance due and commenced this action.[1] At that time, defendants did not reside at the property. After appointing a receiver to collect rents, the court granted plaintiff's motion for summary judgment and entered a judgment against defendants for $47,148.12, plus interest, late charges, costs and attorney fees. The property was sold on execution on March 17, 1987, to plaintiff for $36,719.20.

Defendants contend that plaintiff is not entitled to a deficiency judgment, because the trust deed was given to secure the purchase price of the property. They rely on ORS 88.070,[2] which forbids a mortgagee from taking a deficiency

---

[1] Plaintiff also sued to foreclose the interest of Empire in the real property described in the trust deed. On July 7, 1986, the court entered a default against Empire, and on January 6, 1987, the court entered a final judgment in plaintiff's favor that held that Empire has no interest in the real property. Empire has not appealed.

[2] ORS 88.070 provides:

"When a decree is given for the foreclosure of any mortgage given to secure payment of the balance of the purchase price of real property, the decree shall provide for the sale of the real property covered by such mortgage for the satisfaction of the decree given therein, but the mortgagee shall not be entitled to a deficiency judgment on account of the mortgage or note or obligation secured by the same."

judgment if the mortgagee forecloses a purchase money mortgage, arguing that it applies equally to the beneficiary of a purchase money trust deed. As plaintiff points out, however, defendants' trust deed was a commercial trust deed at the time of foreclosure, as defined in *former* ORS 86.770(4), and *former* ORS 86.770(3) permits it to obtain a deficiency judgment,[3] regardless of the anti-deficiency provisions for purchase money mortgages.

Oregon law first permitted trust deeds in 1959.[4] Until 1981, however, a beneficiary under a trust deed could not obtain a deficiency judgment, regardless of whether the property was commercial or was sold on judicial foreclosure or by a trustee's sale. In 1981, the legislature amended ORS 86.770 to allow a deficiency judgment when the beneficiary forecloses a commercial trust deed by a judicial proceeding.

---

[3] In June, 1983, ORS 86.770(3) and (4) provided:

"(3) Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, following any sale under judicial foreclosure, the beneficiary may bring actions, suits and proceedings against the grantor and any surety, guarantor, successor in interest, and any other person obligated on the obligation, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary.

"(4) As used in this section, 'commercial trust deed' means a trust deed covering real property which, at the time of entry of the decree foreclosing the trust deed, is not occupied by the grantor, the grantor's spouse or the grantor's child as the primary residence of such person."

The definition of commercial trust deed was amended in 1985:

"(4) As used in this section, 'commercial trust deed' means any of the following:

"(a) A trust deed covering real property upon which were located improvements at the time of execution of the trust deed, if none of the improvements were designed for residential use;

"(b) A trust deed covering real property which, at the time of entry of the judgment foreclosing the trust deed, is not occupied by the grantor, the grantor's spouse or the grantor's child as the primary residence of such person unless the property was occupied by such person at the time the foreclosure action was commenced and the grantor establishes that the property was the only real property in which the grantor had any interest at that time;

"(c) A trust deed covering real property upon which are situated four or more residential units, either at the time of execution of the trust deed or at the time of entry of the judgment foreclosing the trust deed; or

"(d) A trust deed covering real property which is more than one acre in size and which is vacant at the time of execution of the trust deed." Or Laws 1985, ch 817, § 7.

It is undisputed that the trust deed was a commercial trust deed.

[4] Or Laws 1959, ch 625.

By contrast, a mortgagee cannot obtain a deficiency judgment on foreclosure of a purchase money mortgage. *See* ORS 88.070; ORS 88.075. Defendant argues that ORS 88.070 applies equally to a purchase money trust deed and that, therefore, plaintiff is not entitled to a deficiency judgment. We disagree. Although a trust deed is deemed to be a mortgage on real property, ORS 86.715, the provisions of ORS chapter 86 and ORS chapter 88 conflict when, as here, the beneficiary judicially forecloses a purchase money commercial trust deed. Defendants would resolve that conflict by overriding the trust deed deficiency judgment provisions in favor of mortgage law. ORS 86.715, however, precludes that resolution:

> "A trust deed is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property *except to the extent that such laws are inconsistent with the provisions of ORS 86.705 to 86.795, in which event the provisions of ORS 86.705 to 86.795 shall control.* For the purpose of applying the mortgage laws, the grantor in a trust deed is deemed the mortgagor and the beneficiary is deemed the mortgagee." (Emphasis supplied.)

Moreover, had it wished to, the legislature could have amended ORS 86.770 to mirror the purchase money distinction under mortgage law. However, it expressly considered and rejected an amendment to ORS 86.770 that would have allowed a deficiency judgment on foreclosure of a nonpurchase money trust deed,[5] substituting for it the present exception

---

[5] House Bill 3202 (1981), originally proposed to amend ORS 86.770 to provide:

"(1) A sale made by a trustee under ORS 86.705 to 86.795 shall foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given under ORS 86.740 and 86.750 and of any other person claiming by, through or under such persons, and such persons shall have no right to redeem the property from the purchaser at the trustee's sale. The failure to give notice to any of these persons shall not affect the validity of the sale as to persons so notified.

"(2) When [a] *the trust deed is a purchase money trust deed, then following sale* [is made] *by a trustee* under ORS 86.705 to 86.795, or under a judicial foreclosure, *except as provided in the last sentence of this subsection,* no other or further action, suit or proceedings shall be taken, nor judgment entered for any deficiency, against the grantor or [his] *the grantor's* surety, guarantor[,] or successor in interest, if any, on the note, bond or other obligation secured by the trust deed, or against any other person obligated on such note, bond or other obligation. *However, to the extent that any part of the obligation remains unsatisfied, actions, suits and proceedings may be brought to realize upon other real and personal property collateral which secures the obligation, and upon judgments resulting from such actions, suits and proceedings.*

"(3) *Where the trust deed being foreclosed is not a purchase money trust*

that distinguishes between commercial and non-commercial trust deeds.

■       In 1985, the legislature sought to clarify the law by amending ORS 86.770(3) to state that it applies to judicial foreclosure of commercial trust deeds "notwithstanding the purchase money mortgage provision of ORS 88.075."[6] The legislature provided that that amendment applies to all instruments, whenever executed.[7] Defendants contend that the legislature cannot move the "foreclosure goalposts retroactively," because to do so would violate Article I, section 21, of the Oregon Constitution and Article I, section 10, to the United States Constitution by impairing the obligation of contracts. Defendants, however, executed their trust deed in June, 1983. At that time, ORS 86.770 allowed a beneficiary who had judicially foreclosed a trust deed to take a deficiency judgment if the trust deed was a commercial one at the time of foreclosure, note 3, *supra*. Thus, application of the 1985 amendment to ORS 88.075 to defendants' trust deed does not alter their obligations and is not unconstitutional.[8]

---

*deed, following any sale by a trustee under ORS 86.705 to 86.795, or under judicial foreclosure, the beneficiary may bring actions, suits and proceedings against the grantor and any surety, guarantor, successor in interest, and any other person obligated on the obligation, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary.*

*"(4)   As used in this section, 'purchase money trust deed' means a trust deed naming a vendor as beneficiary, and given to secure the unpaid balance of the purchase price of real property; or a trust deed naming a lender or any other person as beneficiary, and given to secure up to $50,000 of the unpaid balance of the purchase price of real property used by the purchaser as the primary or secondary single family residence."* (Emphasis in original.)

[6] Or Laws 1985, ch 817, § 7, provides:

"(3) Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, notwithstanding the purchase money mortgage provision of ORS 88.075, the judgment shall provide that if the sale proceeds are insufficient to satisfy the judgment, execution may issue, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary."

Defendants also argue that the legislature did not intend that ORS 88.070 be "overridden" by the trust deed provisions of ORS ch 86, because the legislature did not enumerate ORS 88.070 in the 1985 amendment to ORS 86.770(3). Defendants' analysis, however, disregards the "overriding" provisions of ORS 86.715—that the statutes relating to trust deeds control where they conflict with mortgage law.

[7] Or Laws 1985, ch 817, § 11.

[8] In support of their third assignment of error, defendants argue that, if they are found to have no personal liability to plaintiff on the debt, plaintiff is not entitled to attorney fees. Because of our disposition, we do not address the assignment.

Affirmed.