Argued November 13, 1928, affirmed January 15, 1929.

## FERNANDO C. LUTZ *v.* RICHARD C. BLACK-WELL ET UX.

(273 Pac. 705.)

For appellants there was a brief and oral argument by *Mr. W. C. Winslow.*

For respondent there was a brief and oral argument by *Mr. R. H. Bassett.*

ROSSMAN, J.—This is an action by the payee of a promissory note to secure judgment against the maker for the face thereof. The controversy is before us upon an appeal by the defendants from a judgment rendered upon a demurrer to the answer. The complaint averred a copy of the note, its maturity and its nonpayment; it prayed for judgment. The answer admitted the execution of the note; it alleged that its consideration was the purchase price of some real property; that its payment was secured by a mortgage upon that property secondary to a prior mortgage. It further alleged that the holder of the latter mortgage instituted a suit to foreclose

it, and made this plaintiff a party defendant; that the allegations of that complaint applicable to this plaintiff alleged that the latter claimed "some right, title and interest" in and to said real property, but that his interest was inferior and subject to the lien and claim of that plaintiff. Continuing it alleged that all the defendants in the prior suit, several in number, were served; that for want of an answer the court entered their defaults, and that subsequently a decree based upon the complaint, and the default of the defendants, was entered. A copy of that decree is attached to the answer; after mentioning the default of all the defendants, it found that the statements contained in the complaint were true; that the note therein described was due and unpaid; that the lien of the mortgage held by the plaintiff was a first lien; it recited that the defendants, among whom was mentioned this plaintiff, "claim some interest or estate in or lien upon the above described real property," but found that such interest, estate and lien was subject and inferior to the lien and interest of the plaintiff. The decree allowed the plaintiff judgment for the amount of his note, and decreed that he possessed a first lien upon the property; it ordered the realty sold, and directed that the money received from said sale be applied as follows: First, to the payment of the costs of the suit and the sale; second, to the payment of plaintiff's claim, and third, "that the remainder, if any, be paid to the clerk of this court to be paid to the defendants on demand, as their interest may appear." It concluded thus: "It is further ordered and decreed, that the defendants be and they are hereby forever barred and foreclosed of all right, title and interest in and to the real property herein described and of all equity of redemption

therein or thereto, save only a statutory right of redemption; that plaintiffs have execution to enforce this decree.'' It will be observed that the decree nowhere mentions the second mortgage of which our plaintiff, who was a defendant in that suit, was the owner and holder.

Plaintiff demurred to the answer on the ground that it failed to state facts sufficient to constitute a defense. The demurrer was sustained; the defendants appeal.

The defendant contends that the decree which foreclosed the first mortgage in effect operated as a foreclosure of the second held by this plaintiff. Based upon this premise, which the defendant argues is sound, he contends that the plaintiff has had the benefit of the remedy of a foreclosure and a sale of the mortgaged property. Concluding his argument he submits that he has brought the present situation within the principle enunciated by this court, that the holder of a purchase-money note secured by a mortgage cannot maintain an action upon it after he has had the benefit of a foreclosure and a sale; he therefore claims that the lower court should have overruled the demurrer to the answer. Section 426, Or. L., declares that when a decree is entered for the foreclosure of a mortgage executed to secure payment of the balance of the purchase price of real property ''such judgment or decree shall provide for the sale of the real property covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same.'' In application of this statute to various sets of circumstances, this court

has enunciated several principles of law which are helpful in the solution of the problem now before us. Thus the court has held that notwithstanding a note may represent a purchase-price obligation and be accompanied with a mortgage on the realty, the purchase of which constituted the transaction out of which the note arose, the holder is entitled to maintain an action upon the note, disregarding the mortgage, and recover a judgment: *Page* v. *Ford,* 65 Or. 450 (131 Pac. 1013, Ann. Cas. 1915A, 1048, 45 L. R. A. (N. S.) 247); see, also, *Marshall* v. *Middleton,* 100 Or. 247 (146 Pac. 850, 191 Pac. 886), and *Walters* v. *Cooper,* 71 Or. 139 (142 Pac. 359). One who in an endeavor to secure payment of the obligation, evidenced by the purchase-money note, resorts to a suit for the foreclosure of the mortgage, is limited to recourse against the mortgaged property, and when that is exhausted the mortgage debt is extinguished: *Wright* v. *Wimberly,* 79 Or. 626 (156 Pac. 257). Should the proceeds derived from the sale of the mortgaged realty fail to meet the amount of the note, he may not resort to an action at law to recover this balance: *Wright* v. *Wimberly,* 94 Or. 1 (184 Pac. 740). An election to foreclose releases the personal liability for the debt of one who had covenanted to discharge it: *Marshall* v. *Middleton, supra.* Taking collateral security for the payment of the debt does not afford any implication that the creditor is to look to it only, or primarily for the payment of the debt. The obligation of a debtor to respond is neither increased nor diminished by the pledging of the security; it is the same as if no security had been given: *Wright* v. *Wimberly, supra.* The holder of a purchase-money note secured by a mortgage has available an election of remedies: "(a) to sue upon

the mortgage and foreclose the same, or (b) to bring his action at law to recover the amount due.'' *Marshall* v. *Middleton, supra.* One who contends that he is possessed of a lien upon the property of another, and who is made a party defendant in a suit in which his lien is attacked, must set up his lien, otherwise he will be in default and can get nothing: *Williams* v. *Wilson,* 42 Or. 299 (70 Pac. 1031). In an opinion, written by Judge WOLVERTON of the Federal District Court, sitting in Portland, that court held that the institution of a foreclosure suit, followed by its dismissal upon the motion of the plaintiff after a demurrer to the complaint had been overruled, did not operate as an election of remedies to exclude the privilege of resorting subsequently to an action at law upon the purchase-money note: *Union Trust Co. of Spokane* v. *Wiseman,* 10 Fed. (2d) 558; see, also, *Oregon Mill & Grain Co.* v. *Hyde,* 87 Or. 163 (169 Pac. 791), and *Hicks* v. *Peninsula Lbr. Co.,* 109 Or. 305 (220 Pac. 133).

We come now directly to the problem, whether the facts stated in the answer indicate that the plaintiff elected to pursue the remedy in equity and accept the benefits of a sale upon foreclosure, and thereby deprived himself of his right to an action at law upon the note. The problem may be stated otherwise thus: when the plaintiff permitted a default to be entered against him in the suit in equity, was his conduct so inconsistent with the right which he now seeks to avail himself of that he is barred from maintaining this action? To us it seems that his failure to appear in the equity suit and ask the court to determine the amount due upon his note, foreclose his mortgage and determine the order of distribution of the proceeds of the sale evidences only an election to

waive the security, and look to the obligor upon the note for payment of the same. It is true that he might have come forth at that time and expressly declared himself to that effect. But his silence after being served with that complaint manifested the same determination. But the defendant argues that the plaintiff has had in effect the benefit of a foreclosure; that in reality the sale, which succeeded the decree foreclosing the first mortgage, rendered as available to him the benefits of the sale as if it had been held in a suit instituted by himself. We do not understand from the decree attached to the answer, the material portions of which we have quoted, that it rendered available to the plaintiff any overplus from the sale, had there been any. It contains no order to that effect. It found that this plaintiff was possessed of no interest in the property; it ordered the sale of the realty, and directed that the proceeds be applied: first to the payment of the costs; second, to the satisfaction of the mortgage held by the plaintiff, and third, "that the remainder, if any, be paid to the clerk of this court, to be paid to the defendants on demand, as their interest may appear." But since this plaintiff, a defendant in that suit, was held to be possessed of no interest in the land, it is clear that he was not one of the beneficiaries for whom this latter provision of the decree was created. The combined effect of this plaintiff's default, and the court's decree, was to terminate the interest of this plaintiff in that land; he could only acquire an interest in it again as a result of the note transaction, in the event the defendant renewed his ownership, and the plaintiff recovered a judgment upon his note. It is evident that the court could not have rendered available to this plaintiff any overplus derived from the fore-

closure sale. Section 185, Or. L., directs what provisions may be inserted in a decree against a defendant who is in default; it provides:

" * * the plaintiff shall be entitled to have judgment against such defendant or defendants,—

"1. In an action arising upon contract for the recovery of money * * if no answer has been filed * * the clerk, upon the application of the plaintiff made in writing and filed with the clerk, shall enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, against the defendant, * * "

Hence the court, under the pleadings before it, which made no mention of the plaintiff's mortgage and note, could not have entered a decree determining the amount due him, and declaring his interest in the mortgaged land. It is evident, therefore, that this plaintiff neither in that suit nor in this action sought or received any lien upon the property, or benefit from his mortgage. We conclude, therefore, that he has not availed himself at any time of an election to pursue a remedy in equity, and that hence he is not barred from maintaining the present action.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

COSHOW, C. J., and RAND and McBRIDE, JJ., concur.