Argued at Pendleton October 31; reversed November 28, 1939

WRIGHT *v.* NOTHNAGEL ET AL.

(96 P. (2d) 228)

In Banc.

*J. A. Burleigh*, of Enterprise, and *S. H. Burleigh*, of La Grande, for appellants.

*George T. Cochran* and *Colon R. Eberhard,* both of La Grande, for respondent.

RAND, C. J. On December 4, 1934, the plaintiff, Mary E. Wright, obtained a decree foreclosing a second mortgage on a 220-acre tract of land in Union county, Oregon. These lands, in separate parcels, were at the time subject to first mortgages held by the Oregon State Land Board, which mortgages were likewise foreclosed and, pursuant to decrees therein entered, all said lands were sold to satisfy said first mortgages. In each of said suits so brought by the State Land Board, the plaintiff herein was made a party defendant and served with summons but she failed to appear and default decrees were entered against her, barring her from all right, title and interest therein except her statutory right of redemption. She failed to redeem and, by reason thereof, has received nothing under her said mortgage or decree.

One of said parcels so sold was bid in by one B. F. Owsley for the sum of $5,691.80, which sale was

confirmed and a sheriff's deed issued therefor. He later sold and conveyed said parcel of land to William Nothnagel, who now owns the land, for the sum of $6,250.

In her present suit, the plaintiff is now seeking to have William Nothnagel's interest in the land and an alleged equitable interest or estate therein of Richard Nothnagel resold to satisfy the decree entered in her former suit. Plaintiff's said mortgage was a purchase price mortgage that had been given by Richard Nothnagel and Gottfried and Minna Nothnagel, the father and mother of the two defendants herein, to the La Grande Investment Company, to secure a promissory note executed by them and William Nothnagel for the balance of the purchase price of said 220-acre tract of land. Although he signed the note, William Nothnagel was not the owner of the said mortgaged land, and, for that reason, he did not execute the mortgage. This note and mortgage were later assigned and transferred by the La Grande Investment Company to the plaintiff and she was the holder thereof at the time she brought her foreclosure suit. In that suit all the Nothnagels appeared and answered, setting up as a defense against the entry of any deficiency judgment in the foreclosure suit that the note and mortgage were a purchase price note and mortgage and, therefore, did not entitle the plaintiff to anything more than to have the mortgaged lands sold in satisfaction of her mortgage.

Upon the trial of the cause, the court found that the mortgage was a purchase price mortgage and that, by reason thereof, the plaintiff was not entitled to a deficiency judgment against any of said defendants.

Notwithstanding this, the court entered a decree which was contradictory in terms, first rendering a personal judgment against all the defendants in the suit for the amount due on the note and then expressly providing in said decree:

"That the said mortgaged premises hereinbefore described, together with the appurtenances thereunto belonging, be sold under such foreclosure in accordance with the laws of Oregon and the practice of this court in such cases, such sale of all of said mortgaged real property to be in full satisfaction of the judgment hereby rendered against said defendants Richard Nothnagel, Minna Nothnagel and Wm. Nothnagel."

■ Hence, the question presented in the instant case is whether the court had any authority to enter a personal judgment against the makers of a promissory note given to secure the balance of the purchase price of land, in foreclosing a mortgage given as security therefor, where the court found and it was admitted in the suit that the note and mortgage were a purchase price note and mortgage, in the face of section 6-505, Oregon Code 1930, which provides:

"When judgment or decree is given for the foreclosure of any mortgage, hereafter executed, to secure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same."

That the court possesses no such authority is settled by an unbroken line of decisions in this state.

■■ Before commencing her suit to foreclose her purchase price mortgage, the plaintiff had a choice of

two remedies. She had the right to elect whether to foreclose the mortgage and secure payment of the debt by a sale of the mortgaged land, or to bring an action against the parties personally liable for the debt. It being a purchase price mortgage, she could not do both. Having elected to foreclose the mortgage, she was inhibited by the statute from ever obtaining a deficiency judgment against any of the makers of the note or mortgage and could look only to the sale of the mortgaged land for the payment of the debt. In electing to pursue the remedy of foreclosure, she thereby released the makers of the note and mortgage from any personal liability on account of the note or mortgage. See *Marshall v. Middleton,* 100 Or. 247, 191 P. 886, 196 P. 830, 19 A. L. R. 1421; *Wright v. Wimberly,* 94 Or. 1, 184 P. 740; and *Lutz v. Blackwell,* 128 Or. 39, 273 P. 705.

■ The fact that the land described in her mortgage was subject to the prior liens of other mortgages does not relieve her from the results flowing from her election to foreclose rather than to bring an action at law against the makers of the note. The result of the election is the same as if there had been no prior liens and, having made such election and having thereby released the makers of the note from any personal liability thereon, the defendants are relieved from any further obligation upon the note and mortgage.

■ Thus far we have considered the decree as if it had awarded a personal judgment against the makers of the note. That such was not the intention of the court is apparent when the whole decree is read in connection with the findings of fact and conclusions of law made and filed in the suit. The form of the decree rendered

is the same as that rendered in *Wright v. Wimberly* supra, where the court said:

"The decree demanded by Section 422, L.O.L., (now section 6-501, Oregon Code 1930), as modified by the subsequent enactment of Section 426, Id., (now section 6-505, Oregon Code 1930), requires a court of equity in foreclosing a purchase-money mortgage, given to secure the payment of a promissory note, to determine the entire sum due upon the personal obligation. Since, however, the latter section of the statute inhibits that court from granting 'a deficiency judgment on account of such mortgage or note or obligation,' a judicial ascertainment of the amount so due is not equivalent to the giving of a decree for the recovery thereof, except only as the award is limited to the real property described in the mortgage. A sale of the encumbered land under the decree foreclosing a purchase-money mortgage, necessarily exhausts the entire measure of power bestowed by the legislative assembly upon the court and there is therefore no remainder due, after the sale of the land, upon which an execution can be issued."

The same form of decree was construed in *Bruckman v. Healy*, 126 Or. 129, 268 P. 1001, where the court said:

"It is urged that, since the mortgages were given to secure the payment of the purchase price, it was error for the court to enter personal judgment against the defendant for the amount due on the notes. We do not so construe the decree. It is plain therefrom that the plaintiff, in the satisfaction of the indebtedness of the defendant, is limited to the real property described in the mortgages."

■ That the plaintiff is not entitled to equitable relief in this suit is also obvious for this reason: If, as she contends, the decree of foreclosure in her suit had the force and effect of a personal judgment against the

makers of the note, she could have no need for equitable relief since all she would have to do would be to have execution issued and a sale made of the property, or she could enforce the execution against any property belonging to the defendants in the suit, including any of the mortgaged property now owned by any of said defendants. Having thus a complete and adequate remedy at law, there would be no need for the interposition of a court of equity. This, however, she cannot do because of the force of the statute, which prohibits her from so doing.

For the reasons stated, the decree of the lower court will be reversed and the cause will be remanded to that court with directions to dismiss the suit without costs to either party in this or the lower court. It is so ordered.

BAILEY and KELLY, JJ., not sitting.