Argued April 17; reversed May 13, 1941

# STRETCH *v.* MURPHY

(112 P. (2d) 1018)

Before KELLY, Chief Justice, and BAILEY, LUSK and RAND, Associate Justices.

*Lawrence T. Harris*, of Eugene (Harris & Bryson, of Eugene, on the brief), for appellant.

*Orval N. Thompson*, of Albany (Weatherford & Thompson, of Albany, on the brief), for respondent.

BAILEY, J. The plaintiff as executrix of the last will of Annie Boggs, deceased, brought this action against C. W. Murphy to recover damages for his alleged violation of the terms of a contract whereby he agreed not to assert that a certain mortgage given by him was a purchase price mortgage. From a judgment in favor of the plaintiff the defendant appeals.

In June, 1931, Leon Boggs and Annie Boggs, his wife, entered into a contract with the defendant herein to sell to him 72.5 acres of land in Lane county for a price of $20,000, of which amount $250 was paid on the execution of the contract and the further sum of $750 was to be paid on or before February 1, 1932. The balance, $19,000, with interest, was to be paid with whatever proceeds over ten cents per pound might be realized from the sale of hops grown on the land.

Thereafter, on February 19, 1935, Lena Boggs Cartwright, individually and as administratrix of the estate of Leon Boggs, deceased, Annie Boggs and the defendant Murphy entered into an agreement in lieu of the original contract of sale, by the terms of which substitute contract Lena Boggs Cartwright, individually and as such administratrix, and Annie Boggs agreed to convey the 72.5 acres of land above mentioned to the defendant Murphy, who in turn agreed that he would execute and deliver to The First National Bank of Harrisburg his promissory note in the sum of $2,500 in payment of certain indebtedness of the other parties to the contract, and would secure the note by a mortgage executed by himself and his wife, on the 72.5 acres of land, and further agreed that he, Murphy, would execute and deliver to Annie Boggs his promissory note in the sum of $9,000 with interest thereon at the rate of six per cent per annum and secure the payment thereof by a second mortgage on the same real property, executed by himself and his wife. In addition to the terms referred to, the contract provided as follows, in regard to the $9,000 mortgage:

"* * * and said mortgage shall expressly provide that Murphy waives all privileges and rights arising out of any claim that said mortgage is a purchase

money mortgage, particularly in view of the fact that this substituted agreement will operate as an ultimate reduction in the purchase price to be payable by Murphy, and upon the further consideration that Annie Boggs has waived her claim against the Boggs estate for the sum in excess of $10,000.00, and for the benefit of said Murphy and the detriment to said Annie Boggs the said Murphy does hereby, by these presents, waive any benefit and claim for himself or those claiming by, through or under him, and his heirs, administrators and assigns, the right to assert the said $9,000.00 obligation is a purchase price mortgage, and covenants to and with the said Annie Boggs, for himself, his heirs, administrators and assigns, that he will not assert or attempt to assert that said $9,000.00 obligation secured by said mortgage is a purchase price mortgage, or that he is entitled to any of the privileges or benefits of a purchase price mortgage.''

The other provisions of this substitute contract are not material to the matter here under consideration. The land herein mentioned was conveyed to Murphy as stipulated in the contract, and Murphy executed the notes, and with his wife, the mortgages, to The First National Bank of Harrisburg and Annie Boggs, respectively, as required by the contract.

In May, 1936, the bank commenced a suit in the circuit court for Lane county against Murphy, his wife and Viola Stretch, executrix of the last will of Annie Boggs, who died in April, 1935, to foreclose the mortgage given by Murphy and his wife to secure the $2,500 note payable to the bank. In July of the same year the defendant Viola Stretch, executrix, filed an answer to the complaint of the bank and in addition a cross-complaint against Murphy and his wife, in which cross-complaint she asked for judgment against C. W. Murphy for $9,000 with interest thereon at six per cent from February 19, 1935, and for a foreclosure of the

mortgage given by Murphy and his wife to Annie Boggs. In her cross-complaint she set forth in *haec verba* the provision of the contract hereinabove quoted, whereby Murphy agreed to waive all right to assert that the mortgage sought to be foreclosed was given to secure the balance of the purchase price of the mortgaged property.

Thereafter a decree was entered in the circuit court, in which judgment was rendered in favor of the plaintiff and against C. W. Murphy for the amount of the plaintiff bank's note, with attorneys' fees and costs, and in favor of Viola Stretch, executrix, against the defendant Murphy for the amount of the note given by Murphy to her decedent, together with interest, attorneys' fees and costs. The mortgages given to the plaintiff and the cross-complainant, respectively, were foreclosed and the mortgaged property ordered sold, the proceeds from such sale to be first applied on the judgment in favor of the plaintiff and the excess thereof, if any, on the judgment in favor of the cross-complainant. At the foreclosure sale the property was purchased by the plaintiff, The First National Bank of Harrisburg, for $2,994.40.

After the sale of the property on execution to the bank, C. W. Murphy, one of the defendants in the foreclosure proceeding, filed an objection to the entry of a "deficiency judgment" against him and in favor of Viola Stretch, executrix of the last will of Annie Boggs, deceased, on the ground that the mortgage executed by Murphy and his wife to Annie Boggs was to secure the balance of the purchase price of the property involved in the foreclosure suit. The objection thus raised by Murphy was put in issue by an answer thereto filed by the executrix and a reply by Murphy to that answer.

After a trial the court entered a decree confirming the sale of the mortgaged realty to the bank and declaring that Viola Stretch as executrix, defendant in that proceeding, "shall not be entitled to have issued a writ of execution against any of the property of C. W. Murphy, defendant, and the said Viola Stretch, executrix, is not entitled to a 'deficiency judgment.' "

Viola Stretch, executrix, as plaintiff in the present action, alleges in her complaint the terms of the contracts hereinbefore mentioned, sets forth verbatim the excerpt from the substitute agreement which we have hereinabove quoted, further alleges the execution and delivery of the notes and mortgages to the bank and Annie Boggs, respectively, and the foreclosure of those mortgages by the bank and Viola Stretch as executrix, respectively, and then avers: ". . . that the defendant herein broke his said contract and agreement and in violation of the terms thereof did assert that said mortgage was a purchase price mortgage and that no deficiency judgment could be by the court rendered against the said defendant C. W. Murphy; that the court during the year 1939 duly made and entered of record a judgment in said cause denying the right of this plaintiff to have a deficiency judgment against C. W. Murphy upon said mortgage". The plaintiff further alleges that she has been damaged in the sum of $9,000, with interest thereon at the rate of six per cent per annum from February 19, 1935, totaling $11,236.50.

The defendant entered a demurrer, which was overruled, and thereupon filed an answer, alleging therein that the mortgage given by himself and his wife to Annie Boggs and foreclosed by the executrix of her estate in the suit instituted by the bank, was for the

balance of the purchase price of the 72.5 acres of land therein described, and that such mortgage had been foreclosed in the proceeding by the bank against the executrix and the defendant and his wife, and the property sold to the bank on execution in that proceeding. The defendant further alleges the proceedings subsequent to the sale of the property on foreclosure, based on the defendant Murphy's objection to the entry of a deficiency judgment against him.

The facts proved at the trial were substantially as herein stated. At the close of the plaintiff's case in chief the defendant moved for an involuntary nonsuit, which motion was denied by the court. At the close of the trial both the plaintiff and the defendant moved for a directed verdict, whereupon the jury under instructions from the court returned a verdict in favor of the plaintiff for the amount alleged by her as damages.

The principal question here involved is whether an action for damages for breach of contract can be maintained by a mortgagee against a mortgagor who asserted in a suit to foreclose a mortgage the fact that such mortgage was given to secure the balance of the purchase price of real property, in violation of the mortgagor's agreement to waive "the right to assert that said . . . obligation is a purchase price mortgage." That the mortgage with which we are concerned is a purchase money mortgage was determined by the circuit court in the foreclosure proceeding between the parties to this litigation.

This matter is controlled by the construction to be given § 9-505, O. C. L. A., which reads as follows:

"When judgment or decree is given for the foreclosure of any mortgage, hereinafter executed, to se-

cure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same."

This section of the code was enacted by the legislature in 1903 (General Laws 1903, page 252). The title of the enactment thus reads: "An act to abolish deficiency judgments upon the foreclosure of mortgages to secure the unpaid balance of purchase price of real property."

■ We need not here enter into an involved discussion of the meaning of "deficiency judgments", as was done in *Wright v. Wimberly*, 94 Or. 1, 184 P. 740. It is enough to say that in general parlance a "deficiency" judgment means a personal judgment against a mortgagor for the mortgage debt remaining unsatisfied out of the proceeds of sale of the mortgaged property. It was in this sense that the legislature used the term "deficiency judgment".

■ The holder of a note for the unpaid balance of the purchase price of real property secured by a mortgage thereon may waive the mortgage and bring an action on the note for the entire unpaid balance of the purchase price and may satisfy the judgment therein recovered out of any property of the debtor that is subject to execution: *Page v. Ford*, 5 Or. 450, 131 P. 1013, 45 L. R. A. (N. S.) 247, Ann. Cas. 1915A, 1048; *Wright v. Wimberly*, 79 Or. 626, 156 P. 257; *Phillips v. Elliott*, 144 Or. 694, 17 P. (2d) 1119, 25 P. (2d) 557; *Union Trust Co. of Spokane v. Wiseman*, 10 F. (2d) 558.

■ The fact that the plaintiff in this case was made a defendant in the suit brought by the bank to foreclose its mortgage on the property also mortgaged to the plaintiff's decedent did not make it obligatory upon this plaintiff to foreclose her mortgage in that proceeding. She had a right, even after being made a party defendant therein, to waive her mortgage and bring an action against Murphy, the mortgagor, on the note given by him: *Lutz v. Blackwell*, 128 Or. 39, 273 P. 705; *Union Trust Co. of Spokane v. Wiseman*, supra.

■ Aside from whatever effect the agreement here involved might have, the circuit court, in a suit to foreclose a purchase price mortgage on real property, has no jurisdiction to enter a deficiency judgment against the mortgagor: *Wright v. Wimberly*, 79 Or. 626, 156 P. 257; *Pierrard v. Hoch*, 97 Or. 71, 94, 184 P. 494, 191 P. 328. When a personal judgment is entered against the mortgagor in the foreclosure of a purchase price mortgage, the excess of such judgment over and above what may be realized from a sale of the mortgaged realty is void: *Pierrard v. Hoch*, supra; *Wright v. Wimberly*, 94 Or. 1, 184 P. 740. And when a void judgment is called to the court's attention, "it is incumbent upon that tribunal to purge its records of the nullity by canceling the entry": *Hodgdon v. Goodspeed*, 60 Or. 1, 118 P. 167; *Pierrard v. Hoch*, supra. The breach of contract on which the plaintiff bases this action consists in the defendant's calling to the attention of the circuit court the fact that the mortgage foreclosed by the plaintiff was one to secure the unpaid balance of the purchase price of real property.

The defendant's purported waiver, as construed by the plaintiff, was an attempt by the contracting parties to confer upon the circuit court power of which

the legislature, by the act of 1903, had deprived it. The purpose of the 1903 enactment, as expressed in the title thereof, was "to abolish deficiency judgments" in the foreclosure of purchase price mortgages. The word "abolish" has a definite and distinctive meaning, namely: "to do away with, annul or make void; put an end to; destroy."

■ The statute here involved is not one creating a merely personal privilege which may be waived. It is an inhibition against the court's rendering a certain kind of judgment in foreclosing a certain kind of mortgage. Its effect is to deprive the circuit court of power theretofore granted it by the legislature.

■■ Parties to contracts can not by agreement invest courts with jurisdiction not conferred upon the courts by law: 21 C. J. S., Courts, §§ 85 and 86; 14 Am. Jur. Courts, § 184; *Wong Sing v. Independence*, 47 Or. 231, 83 P. 387; *Goodnough Mercantile Co. v. Galloway*, 48 Or. 239, 246, 84 P. 1049; *Oregon Growers Cooperative Association v. Lentz*, 107 Or. 561, 212 P. 811; *State ex rel. Kahn v. Tazwell*, 125 Or. 528, 542, 266 P. 238, 59 A. L. R. 1436; *French v. Willer*, 126 Ill. 611, 18 N. E. 811, 9 Am. St. Rep. 651, 2 L. R. A. 717. That part of the contract before us which attempts to reinvest the circuit court with power of which it has been specifically divested by the legislature is void as contravening the declared public policy of this state. No right of action for damages can be based upon the breach of such illegal agreement.

The trial court erred in denying the defendant's motion for a directed verdict. The judgment appealed from is reversed and the cause remanded to the circuit court with direction to enter judgment for the defendant.