Argued and submitted October 23, 1987, affirmed August 10, reconsideration denied September 23, petition for review allowed October 13, 1988 (307 Or 77)

SUMNER et ux,
*Appellants,*

*v.*

ENERCON DEVELOPMENT COMPANY et al,
*Defendants,*

*and*

HOWCO INVESTMENT CORPORATION,
*Respondent.*

(31735; CA A40765)

759 P2d 286

Asa L. Lewelling, Salem, argued the cause and filed the brief for appellants.

Jeffrey M. Batchelor, Portland, argued the cause for respondent. With him on the brief were O. Meredith Wilson, Jr., and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this action for breach of a guaranty, plaintiffs appeal from a judgment for defendant Howco Investment Corporation (HI Corp), assigning error to the trial court's conclusion of law that they had discharged HI Corp from all liability under its guaranty of payments secured by a purchase money mortgage from Enercon when they elected to foreclose the mortgage. They also assign error to the court's finding that they had breached their contract with Enercon and that the breach released HI Corp from its guaranty. Because we affirm on the first assignment, we need not consider the second.

We take the relevant facts from the trial court's findings, which are not challenged on appeal. In September, 1980, plaintiffs sold a partially completed real estate development known as "Hidden Lakes" to Enercon, a joint venture. In addition to a contract of purchase signed by the parties, Enercon gave plaintiffs a series of promissory notes, secured by a purchase money mortgage. HI Corp and two individuals guaranteed Enercon's performance of the contract.[1] United States National Bank (USNB) and Family Federal Savings and Loan Association (Family Federal) each held mortgages on Hidden Lakes that had priority over plaintiffs' mortgage. In 1983, those mortgages were foreclosed in an action in which plaintiffs were joined. Plaintiffs cross-claimed to foreclose their mortgage. The court declared plaintiffs' mortgage a valid lien, although subordinate to the liens of Family Federal and USNB, and foreclosed it, noting that plaintiffs did not seek a deficiency judgment. After the prior liens were satisfied, plaintiffs received $2,400.63 from the foreclosure sale proceeds. They then brought this action against HI Corp on its guaranty for the unpaid balance due under the contract secured by the purchase money mortgage.[2]

---

[1] The guaranty read:

"In consideration of the inducement of SUMNER to enter into the within contract with ENERCON DEVELOPMENT CO., the undersigned, jointly and severally guarantee to SUMNER, the performance of all provisions of this contract to be performed by ENERCON DEVELOPMENT CO., including the payment of money and other obligations of ENERCON DEVELOPMENT CO. as contained therein."

[2] Plaintiffs' action also named Enercon, Coday-Cross Resource Development Cooperation, Howco Development Corporation, Jerry F. Coday, Carole Coday, Richard El Cross, Howard-Cooper Corporation and Northwest Overseas, Inc., as defendants. The court dismissed plaintiffs' claims against those defendants, and the judgment disposes of all claims against all parties.

■■    The principal issue is whether ORS 88.070, which prohibits a deficiency judgment on foreclosure of a purchase money mortgage, operates to discharge one who guarantees the secured debt. ORS 88.070 provides:

"When a decree is given for the foreclosure of any mortgage given to secure payment of the balance of the purchase price of real property, the decree shall provide for the sale of the real property covered by such mortgage for the satisfaction of the decree given therein, but the mortgagee shall not be entitled to a deficiency judgment on account of the mortgage or note or obligation secured by the same."

That statute has been interpreted to mean that "a purchase money mortgagee has an election either to foreclose his mortgage, in which case he is barred from bringing an action on the mortgage debt, or to obtain a judgment on the mortgage debt, in which case he loses his mortgage lien." *Ward v. The Beem Corp.*, 249 Or 204, 209, 437 P2d 483 (1968).

Here, plaintiffs elected to foreclose their purchase money mortgage. The judgment in the foreclosure action granted plaintiffs' prayer by declaring their rights and foreclosing their mortgage; it also directed that plaintiffs receive any overplus after the prior mortgages were satisfied in payment and satisfaction of their mortgage. Plaintiffs were not required to seek foreclosure in that action. It makes no difference that they made their election to foreclose their mortgage in connection with another's foreclosure of a prior mortgage. *Ward v. The Beem Corp., supra,* 249 Or at 210; *Wright v. Nothnagel,* 163 Or 156, 96 P2d 228 (1939).

Plaintiffs argue that the legislature enacted ORS 88.070 for the purpose of protecting purchasers of real property from the effects of depressed land values, not to release guarantors, particularly where the transaction involves commercial property. Although it is true that ORS 88.070 was adopted as a remedial measure to prevent sellers from purchasing the property for a low amount at a foreclosure sale and then obtaining a personal judgment against the debtor for the deficiency, *Wright v. Wimberly,* 94 Or 1, 17, 184 P 740 (1919), the statute does not distinguish between commercial and residential mortgages. Had it so desired, the legislature could have made such a distinction, as it did later with respect to trust

deeds.[3] There is no basis on which to except this transaction from the operation of the statute.

Plaintiffs contend that, even if the statute applies to their mortgage, it does no more than preclude the creditor from taking a judgment against the principal debtor; it does not, they say, protect a guarantor. Concededly, the statute does not expressly answer that question,[4] and the answer depends on the law relating to guarantees. Plaintiffs do not dispute the general proposition that a creditor's release or discharge of the principal operates to discharge the guarantor. *See* 38 Am Jur 2d, "Guaranty," § 89 (1968). The question becomes what effect, if any, ORS 88.070 has on the creditor's rights against the guarantor.

Plaintiffs point out that a guarantor is not discharged in all circumstances when the creditor is precluded from maintaining an action on the debt against the principal debtor. For example, a guarantor is not discharged if the Statute of Limitations has run against the principal, *Eustis v. Park-O-Lator Corp.,* 249 Or 194, 435 P2d 802, 437 P2d 734 (1967), or by the bankruptcy of the principal. In neither of such cases, however, is the inability to enforce collection occasioned by the voluntary election by the creditor to pursue a course of action.

Although ORS 88.070 does not provide expressly that the debtor is discharged after a purchase money mortgage is foreclosed, the cases appear to treat the result as a discharge. In *Wright v. Nothnagel, supra,* 163 Or at 160, the court said that the creditor "released the makers of the note and mortgage from any personal liability" by foreclosing. In *Lutz v. Blackwell et Ux.,* 128 Or 39, 42, 273 P 705 (1929), the court said that the result of an election to foreclose is to limit recourse

---

[3] ORS 86.770(3) provides:

"Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, notwithstanding the purchase money mortgage provision of ORS 88.075, the judgment shall provide that if the sale proceeds are insufficient to satisfy the judgment, execution may issue, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary."

*See Federal Deposit Ins. v. Burdell,* 92 Or App 389, 759 P2d 282 (1988).

[4] For that reason, plaintiffs argue that we should not apply the statute to protect guarantors. It is not, however, a matter of "extending" the statute to guarantors; rather, the question is what effect the clear meaning of the statute has on a guarantor.

against the mortgaged property and "when that is exhausted the mortgage debt is extinguished * * *." Whether the debtor is released or the debt is extinguished, the result equals a discharge of the debtor. As a result, plaintiffs' election to foreclose their purchase money mortgage discharged Enercon from liability on the debt, thereby discharging HI Corp as a guarantor as a matter of law.[5]

Affirmed.

---

[5] The anti-deficiency provision relating to trust deeds is specific on this point. ORS 86.770 provides, in relevant part:

"(2) When a sale is made by a trustee under ORS 86.705 to 86.795, or under a judicial foreclosure, no other or further action shall be brought, nor judgment entered for any deficiency, against the grantor or the grantor's surety, guarantor or successor in interest, if any, on the note, bond, or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation, except:

"* * * * *

"(3) Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure * * *."