Argued and submitted December 6, the decision of the Court of Appeals and judgment
of the trial court affirmed December 30, 1988

# FEDERAL DEPOSIT INSURANCE CORPORATION,
*Respondent on Review,*

*v.*

# BURDELL et ux,
*Petitioners on Review.*

(CC 16-86-04163; CA A43052; SC S35565)

766 P2d 1032

Harold D. Gillis, Eugene, argued the cause and filed the petition for petitioners on review.

Paul V. Vaughan, of Hershner, Hunter, Moulton, Andrews & Neill, Eugene, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette, and Van Hoomissen, Justices.

JONES, J.

---

** Linde, J., did not participate in this decision.

## JONES, J.

The issue in this case is whether ORS 86.770(3) entitles a commercial trust deed beneficiary to a deficiency judgment after a judicial foreclosure sale, even though the trust deed secured the unpaid balance of the purchase price of the real property. After defendants defaulted on a 1983 promissory note held by plaintiff, plaintiff brought this action seeking judgment on the note, judicial foreclosure of the commercial purchase money trust deed securing the note and a deficiency judgment. The trial court granted plaintiff's motion for summary judgment. Defendants appealed the trial court's judgment granting plaintiff a deficiency judgment. The Court of Appeals affirmed. *FDIC v. Burdell,* 92 Or App 389, 759 P2d 282 (1988). We affirm the decision of the Court of Appeals.

## I. FACTS

Defendants acknowledge that the Court of Appeals correctly set forth the relevant facts as follows:

> "In June, 1983, defendants bought a 79 percent interest in a house and lot in Lane County from Empire Financial Services, Inc. (Empire), giving Empire a promissory note for $47,425, secured by a trust deed. Empire subsequently assigned the note and its interest as a beneficiary under the trust deed to Emerald Empire Banking Company (Banking). On February 3, 1984, plaintiff was appointed receiver and acquired the note and all of Empire's interests in the property, including its interest as a beneficiary under the trust deed. Thereafter, defendants defaulted under the note and trust deed. Plaintiff accelerated the balance due and commenced this action. At that time, defendants did not reside at the property. After appointing a receiver to collect the rents, the court granted plaintiff's motion for summary judgment and entered a judgment against defendants for $47,184.12, plus interest, late charges, costs and attorney fees. The property was sold on execution on March 17, 1987 for $36,719.20." 92 Or App at 391.

The trial court also granted plaintiff a deficiency judgment:

> "[I]f the proceeds of the sheriff's sale provided for herein are insufficient to satisfy the Judgment amount, such deficiency may be enforced by Plaintiff through execution as provided by law."

## II. STATUTORY BACKGROUND

In 1903 the legislature enacted Lord's Oregon Laws section 426 (Or Laws 1903, p 252),[1] the predecessor to ORS 88.070. ORS 88.070 provides:

> "When a decree is given for the foreclosure of any mortgage given *to secure payment of the balance of the purchase price of real property,* the decree shall provide for the sale of the real property covered by such mortgage for the satisfaction of the decree given therein, but the mortgagee shall not be entitled to a deficiency judgment on account of the mortgage or note or obligation secured by the same." (Emphasis added.)

ORS 88.070 states that it applies to any mortgage given "to secure payment of the balance of the purchase price of real property." In *Ladd & Tilton Bank v. Mitchell,* 93 Or 668, 675, 184 P 282 (1919), however, the court limited the applicability of the anti-deficiency provisions of ORS 88.070 to situations in which the vendee gives the vendor a mortgage to secure the unpaid purchase price of real property. *See also Mt. Vernon Nat. Bk. v. Morse.,* 128 Or 64, 69, 264 P 439 (1928).

In 1975, ORS 88.075 was enacted, Or Laws 1975, ch 618, § 6. It provides:

> "A mortgage entered into after September 13, 1975, is a purchase money mortgage if the mortgage is given to a vendor to secure the unpaid balance of the purchase price of real property or if the mortgage is given to a lender or any other persons to secure up to $50,000 of the unpaid balance of the purchase price of real property used by the purchaser as the primary or secondary single family residence of the purchaser."

During a February 19, 1975, hearing before the House Committee on State and Federal Affairs, legislative counsel explained the purpose of the bill proposing this provision:

---

[1] It appears that the original language of Lord's Oregon Laws section 426 was amended when the Oregon Revised Statutes were codified in 1953. Lord's Oregon Laws section 426 provided:

> "When judgment or decree is given for the foreclosure of any mortgage, hereafter executed, to secure payment of the balance of the purchase price of real property, such judgment or decree shall provide for the sale of the real property, covered by such mortgage, for the satisfaction of the judgment or decree given therein, and the mortgagee shall not be entitled to a deficiency judgment on account of such mortgage or note or obligation secured by the same."

"New Section 8 [what is now ORS 88.075] redefines purchase money. Presently purchase money in Oregon is money loaned to the buyer by the seller to enable the buyer to purchase the property. The amendment would define the purchase money as the money given from the seller or any third party to enable the person to buy the property. This would protect the buyer from a deficiency judgment."

Thus, by adopting ORS 88.075 the legislature intended to extend the anti-deficiency provision of ORS 88.070 to mortgages given to persons or entities who are not the vendor to secure up to $50,000 of the unpaid purchase price of certain residences.

Oregon first permitted trust deeds in 1959.[2] ORS 86.715 deems a trust deed to be a mortgage on real property and makes a trust deed subject to all mortgage laws, except to the extent that mortgage laws are inconsistent with trust deed statutes in which event the latter control:

"A trust deed is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provisions of ORS 86.705 to 86.795, in which event the provisions of ORS 86.705 to 86.795 shall control. For the purpose of applying the mortgages laws, the grantor in a trust deed is deemed the mortgagor and the beneficiary is deemed the mortgagee."

As originally enacted, ORS 86.770(2) prohibited all trust deed beneficiaries from obtaining deficiency judgments.[3] In 1981, however, the legislature defined a particular type of trust deed, the commercial trust deed, and provided for deficiency judgments after the judicial foreclosure of those trust deeds.[4] ORS 86.770(3) and (4) originally provided:

---

[2] Or Laws 1959, ch 625.

[3] ORS 86.770(2) (Or Laws 1959, ch 625 § 13) originally provided:

"When a sale is make by a trustee under ORS 86.075 to ORS 86.795, or under a judicial foreclosure, no other or further action, suit or proceedings shall be taken, nor judgment entered for any deficiency, against the grantor or his surety, guarantor, successor in interest, if any, on the note, bond, or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation."

[4] Or Laws 1981, ch 811, § 1.

"(3)   Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, following any sale under judicial foreclosure, the beneficiary may bring actions, suits and proceedings against the grantor and any surety, guarantor, successor in interest, and any other person obligated on the obligation, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary.

"(4)   As used in this section, 'commercial trust deed' means a trust deed covering real property which, at the time of entry of the decree foreclosing the trust deed is not occupied by the grantor, the grantor's spouse or the grantor's child as the primary residence of such person."[5]

In 1985 the legislature amended ORS 86.770(3) to read:

"Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, *notwithstanding the purchase money mortgage provision of ORS 88.075,* the judgment shall provide that if the sale proceeds are insufficient to satisfy the judgment, execution may issue, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary." Or Laws 1985, ch 817, § 7 (emphasis added).

The legislature provided that this amendment was "to apply to all instruments whether executed before, on or after the effective date of this" amendment.[6]

## III.   DISCUSSION

As already noted, the controversy in this case is over the availability of a deficiency judgment after the foreclosure of this commercial trust deed. That question turns on whether this commercial purchase money trust deed was subject to ORS 88.070.[7] If it was, no deficiency judgment was available.

---

[5] The legislature has amended this original language of ORS 86.770(4). We do not discuss the amendments, however, because it is undisputed that the trust deed at issue was a commercial trust deed.

[6] Or Laws 1985, ch 817, § 11.

[7] The parties argue at length about the applicability of the definition in ORS 88.*075,* rather than that in ORS 88.070, because only ORS 88.075 was referred to in the cross-reference added by the 1985 amendment to ORS 86.770(3). But this misses the point: If the original version of ORS 86.770(3), as enacted in 1981, was *already* inconsistent with ORS 88.070, that inconsistency has not changed, as discussed below.

Such a trust deed is subject to the anti-deficiency provision of ORS 88.070 unless that statute operates inconsistently with any of the provisions of ORS chapter 86. *See* ORS 86.715.

If applicable, the anti-deficiency provision of ORS 88.070 would preclude a deficiency judgment against defendants. Prior to 1985, however, ORS 86.770(3) entitled a beneficiary who had judicially foreclosed a commercial trust deed to a deficiency judgment.[8] The 1985 amendment modified the wording, not the substance, of ORS 86.770(3).[9] It is undisputed that plaintiff has judicially foreclosed a commercial trust deed; therefore, the relevant language of ORS 86.770(3), both before and after the amendment, entitles plaintiff to a deficiency judgment.

This result is consistent with the legislative history of ORS 86.770(3). When Oregon first permitted trust deeds in 1959, ORS 86.770(2) completely prohibited deficiency judgments relating to trust deeds.[10] In 1981 the legislature excepted commercial trust deeds from the anti-deficiency provision in ORS 86.770(3). The legislative history of the 1981 amendment indicates that the legislature originally considered but then rejected a "purchase money/non-purchase money trust deed" concept in favor of the "non-commercial/commercial trust deed" approach which it enacted into law. The legislature could have expressly excluded purchase money trust deeds from the definition of commercial trust deeds if that was its intent. Instead, it deleted all reference to purchase money trust deeds in the 1981 amendments.[11]

Because the 1981 amendment to ORS 86.770, rather than the 1985 amendment, entitled a beneficiary to a deficiency judgment upon judicial foreclosure of a commercial purchase money trust deed, the language "notwithstanding the purchase money provision of ORS 88.075" added to ORS 86.770(3) in 1985 can be understood only as a clarification of, rather than a change in, existing law. The legislative history of

---

[8] *See* the discussion of ORS 86.770(3) in "II. STATUTORY BACKGROUND," *supra.*

[9] *Id.*

[10] *See* note 3 *supra.*

[11] For a more complete discussion of the legislative history surrounding the 1981 amendment to ORS 86.770 see "APPENDIX" *infra.*

the 1985 amendment substantiates this conclusion. In an April 2, 1985, memorandum to the House Judiciary Committee, the Real Estate and Land Use Section of the Oregon State Bar explained that the 1985 amendment was "intended to *clarify* that a deficiency judgment may be obtained in a judicial foreclosure of a 'commercial trust deed' even if the trust deed would otherwise be a 'purchase money mortgage' under Oregon law." (Emphasis added.)

■    Defendants' final argument that the 1985 amendment to ORS 86.770(3) unconstitutionally impaired the trust deed under Article I, section 21, of the Oregon Constitution and Article I, section 10, of the United States Constitution is incorrect. Because the addition of "notwithstanding the purchase money mortgage provision of ORS 88.075" to ORS 86.770(3) was merely a clarification rather than a substantive change in the law, the retroactive application of the 1985 amendment to a trust deed executed after the 1981 amendment is not unconstitutional.[12] The 1985 amendment did not alter defendants' contractual obligations.

For the foregoing reasons, we hold that the trial court's award of a deficiency judgment was appropriate. We, therefore, affirm the decision of the Court of Appeals and the judgment of the trial court.

---

[12] We do not address the constitutionality of the 1985 amendment as applied to trust deeds executed before the effective date of the 1981 amendment.

# APPENDIX

At the 1981 regular session of the legislature, the Committee on Business and Consumer Affairs introduced House Bill 3202, relating to the foreclosure of trust deeds (the House Version). The House Version, as originally introduced, borrowed the concept of a "purchase money security interest" from the mortgage statutes. Section 2, subsection (2) of the House Version would have prohibited deficiency judgments following the judicial or non-judicial foreclosure of a "purchase money trust deed":

> "When [a] *the trust deed is a purchase money trust deed, then following* sale [is made] by a trustee under ORS 86.705-86.795, or under a judicial foreclosure, *except as provided in the last sentence of this section,* no other or further action, suit or proceedings shall be taken, nor judgment entered for any deficiency, against the grantor or [his] *the grantor's* surety, guarantor [,] *or* successor in interest, if any, on the note, bond or other obligation secured by the trust deed, or bond or other obligation. *However, to the extent that any part of the obligation remains unsatisfied, actions, suits and proceedings may be brought to realize upon other real and personal property collateral which secures the obligation, and upon judgments resulting from such actions, suits and proceedings."* HB 3202, 61st Or Legis Assembly, Reg Sess, § 2(2) (1981) (emphasis, indicating added language, and brackets, indicating deleted language, in original).

Conversely, subsection (3) would have allowed deficiency judgments following the judicial or non-judicial foreclosure of a "non-purchase money trust deed":

> *"Where the trust deed being foreclosed is not a purchase money trust deed, following any sale by a trustee under ORS 86.705-86.795, or under judicial foreclosure, the beneficiary may bring actions, suits and proceedings against the grantor and any surety, guarantor, successor in interest, and any other person obligated on the obligation, for any amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary."* HB 3202, 61st Or Legis Assembly, Reg Sess, § 2(3) (1981) (emphasis, indicating added language, in original).

Subsection (4) defined "purchase money trust deed" in terms substantially identical to those used in the mortgage statute (ORS 88.075):

*"As used in this section, 'purchase money trust deed' means a trust deed naming a vendor as beneficiary, and given to secure the unpaid balance of the purchase price of real property; or a trust deed naming a lender or any other person as beneficiary, and given to secure up to $50,000 of the unpaid balance of the purchase price of real property used by the purchaser as the primary or secondary single family residence."* HB 3202, 61st Or Legis Assembly, Reg Sess, § 2(4) (1981) (emphasis, indicating added language, in original).

On June 30, 1981, the House Judiciary Committee recommended passage of the House Version with minor amendments. On July 3, 1981, the House passed the House Version as amended.

Following passage by the House, HB 3202 was read in the Senate and referred to the Senate Justice Committee. At the July 27, 1981, work session of the Senate Justice Committee, the Oregon Bankers' Association submitted proposed amendments to the House Version which replaced the "purchase money trust deed" concept with the "commercial trust deed" concept. The minutes from the July 27, 1981, work session indicate that the Senate Justice Committee found the amendments to be a good concept and adopted without objection a motion to replace the "purchase money trust deed" provisions with the newer "commercial trust deed" provisions.

On July 31, 1981, the Senate Justice Committee presented its amendments to the Senate and recommended passage of the House Version as amended (the Senate Version) and on the same date, the Senate passed the Senate Version.

On August 1, 1981, the House concurred in the Senate amendments and repassed the Senate Version of House Bill 3202 (the Enrolled Bill). The governor approved the Enrolled Bill on August 21, 1981.

Section 1, subsection (2) (ORS 86.770(2)) prohibits deficiency judgments following the judicial or non-judicial foreclosure of a non-commercial trust deed:

*"Except as provided in subsection (3) of this section,* when a sale is made by a trustee under ORS 86.705-86.795, or under a judicial foreclosure, no other or further action, suit or proceedings shall be taken, nor judgment entered for any deficiency, against the grantor or [his] *the grantor's* surety, guarantor [,]

*or* successor in interest, if any, on the note, bond or other obligation secured by the trust deed or against any other person obligated on such note, bond or other obligation." Enrolled HB 3202, 61st Or Legis Assembly, Reg Sess, § 1(2) (1981) (emphasis, indicating added language, and brackets, indicating deleted language, in original).

Conversely, subsection (3) (ORS 86.770(3)) permits a deficiency judgment following a judicial (but not following a nonjudicial) foreclosure of a commercial trust deed:

> *"Where the trust deed being foreclosed is a commercial trust deed and where the trust deed is foreclosed by judicial procedure, following any sale under judicial foreclosure, the beneficiary may bring actions, suits and proceedings against the grantor and any surety, guarantor, successor in interest, and any other person obligated on the obligation, for an amount by which the unpaid balance of the obligation secured by the trust deed exceeds the net sale proceeds payable to the beneficiary."* Enrolled HB 3202, 61st Or Legis Assembly, Reg Sess, § 1(3) (1981) (emphasis, indicating added language, in original).

Finally, subsection (4) (ORS 86.770(4)) defined "commercial trust deed." Enrolled HB 3202, 61st Or Legis Assembly, Reg Sess, § 1(4) (1981).

The foregoing legislative history of the 1981 amendment indicates that the legislature considered allowing deficiency judgments where definitionally the trust deed was not a "purchase money trust deed" and rejected that approach in favor of defining "commercial trust deed" and providing for the right to recover a deficiency judgment after judicial foreclosure of a commercial trust deed. If the legislature had intended that purchase money trust deeds be excluded from the definition of commercial trust deed, it could have expressly said so. Instead, it deleted all reference to purchase money trust deeds in the 1981 amendments. This is a clear indication that with respect to trust deeds executed after the effective date of the 1981 amendments, a beneficiary is entitled to a deficiency judgment upon judicial foreclosure of a commercial trust deed even if the trust deed would otherwise be a purchase money mortgage under Oregon law.