Argued and submitted November 1, 1988, the decision of the Court of Appeals reversed and remanded to Court of Appeals for further proceedings April 4, reconsideration denied May 16, 1989

## SUMNER et ux,
*Petitioners on Review,*

*v.*

## ENERCON DEVELOPMENT COMPANY et al,
*Defendants,*

*and*

## HOWCO INVESTMENT CORPORATION,
*Respondent on Review.*

(TC 31735; CA A40765; SC S35541)

771 P2d 619

Asa L. Lewelling, Salem, argued the cause and submitted the brief for petitioners on review.

Jeffrey M. Batchelor, Portland, argued the cause for the respondent on review. With him on the response to the petition were O. Meredith Wilson, Jr., & Spears, Lubersky, Bledsoe, Anderson, Young, and Hilliard, Portland.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The issue in this case is whether ORS 88.070 bars a purchase money mortgagee from collecting the amount of a deficiency from a guarantor of the mortgagor's obligations. The Court of Appeals held that the statute bars recovery. *Sumner v. Enercon Development Company,* 92 Or App 406, 759 P2d 286 (1988). We disagree, and reverse the decision of the Court of Appeals.

In 1980, the Sumners sold real property to Enercon Development Company (Enercon) for more than $2 million. Enercon made a down-payment and gave promissory notes for the balance. The Sumners took a purchase money mortgage on the property to secure Enercon's obligation, but they agreed to subordinate their mortgage to the mortgages of two banks. Howco Investment Company (Howco), a partner in Enercon, executed a guarantee agreement covering Enercon's obligations to the Sumners under the sales contract.[1] Howco is the principal defendant on appeal.

Enercon defaulted. One of the banks sued to foreclose its mortgage, joining the Sumners as defendants. The Sumners cross-claimed to foreclose their mortgage. The trial court decreed foreclosure of all three mortgages, and the property was sold. The Sumners' share of the proceeds of the sale was less than the balance due them. They then brought this action against Howco, Enercon's guarantor, to recover an amount equal to the deficiency. Howco argues that the Sumners' decision to foreclose discharged Howco's obligations under the guarantee, citing ORS 88.070.

The Court of Appeals held that the foreclosure either discharged Enercon or extinguished the debt, "thereby discharging [Howco] as a guarantor as a matter of law." 92 Or App at 411. If ORS 88.070 "extinguished" or "discharged" the underlying debt, then the Sumners may not have been able to proceed against Howco. *See Eustis v. Park-O-Lator Corp.,* 249

---

[1] The guarantee agreement provides in relevant part:

"In consideration of the inducement of SUMNER to enter into the within contract with ENERCON DEVELOPMENT CO., the undersigned, jointly and severally guarantee to SUMNER, the performance of all provisions of this contract to be performed by ENERCON DEVELOPMENT CO., including the payment of money and other obligations of ENERCON DEVELOPMENT CO. as contained therein."

Or 194, 201, 435 P2d 802, 437 P2d 734 (1968)(an obligation under a guaranty depends on the existence of primary liability on the part of the third party); 10 Williston on Contracts 714, § 1214 (Jaeger ed 1967). We do not agree that the statute has such an effect. The underlying debt was not extinguished.

ORS 88.070 provides:

> "When a decree is given for the foreclosure of any mortgage given to secure payment of the balance of the purchase price of real property, the decree shall provide for the sale of the real property covered by such mortgage for the satisfaction of the decree given therein, but the mortgagee shall not be entitled to a deficiency judgment on account of the mortgage or note or obligation secured by the same."

ORS 88.070 merely places a limit on the trial court's authority to enter a deficiency judgment; it has no effect on the existence of the underlying debt. In the words of *Stretch v. Murphy,* 166 Or 439, 448, 112 P2d 1018 (1941),[2] it is "an inhibition against the court's rendering a certain kind of judgment in foreclosing a certain kind of mortgage. Its effect is to deprive the circuit court of power theretofore granted it by the legislature." When the "certain kind of mortgage" is a purchase money mortgage, then the court has no authority to render a "certain kind of judgment," *i.e.,* a deficiency judgment. *See id.* at 448.

■ Under ORS 88.070, a deficiency judgment is "a personal judgment against a mortgagor for the mortgage debt remaining unsatisfied out of the proceeds of sale of the mortgaged property." *Id.* 166 Or at 446. Read in the light of that definition, ORS 88.070 prohibits the court from rendering a personal judgment against the purchase money mortgagor after the court has decreed foreclosure of the mortgage. Nothing in the text of ORS 88.070 precludes the court from rendering a judgment against a guarantor of the underlying debt.

Previous decisions interpreting ORS 88.070 or its earlier versions confirm that the legislature did not intend to bar actions against guarantors on these facts. The statute was intended to protect landowners, not guarantors. *See Wright v. Wimberly,* 94 Or 1, 17, 184 P 740 (1919) (construing previous

---

[2] *Stretch v. Murphy,* 166 Or 439, 112 P2d 1018 (1941), interpreted OCLA § 9-505, an earlier version of ORS 88.070.

version of statute); *Ladd & Tilton Bank v. Mitchell,* 93 Or 668, 675-76, 184 P 282 (1919) (same). Moreover, if the legislature had intended to bar actions against guarantors, it could have expressed that intent in the statute, as it did in the original anti-deficiency provision governing trust deeds. *See* Or Laws 1959, ch 625, § 13, *codified as* ORS 86.770(2);[3] *FDIC v. Burdell,* 307 Or 285, 289, 766 P2d 1032 (1988). The absence of an express prohibition in ORS 88.070 forbidding actions against guarantors is strong evidence that the legislature did not intend to bar actions against guarantors in cases involving purchase money mortgages. We hold that the anti-deficiency statute only bars actions against the mortgagor.[4] Our next inquiry is whether the Sumners' right to recover from Howco under the guaranty contract depends on the Sumners' right to proceed against Enercon.

■     Generally, a guarantor is not liable unless the principal is liable. 10 Williston, *supra,* at 714, § 1214; *see Eustis v. Park-O-Lator Corp., supra,* 249 Or at 201. But a limitation on an action against a principal debtor does not affect a creditor's right to proceed against a guarantor. *Eustis v. Park-O-Lator Corp., supra,* 249 Or at 199; *see also* 10 Williston, *supra,* at 714-15, § 1214. In *Eustis,* this court held that a creditor could proceed against a guarantor even though the statute of limitations would have barred an action against the principal

---

[3] ORS 86.770(2) provides in relevant part:

"When a sale is made by a trustee under ORS 86.705 to 86.795, or under a judicial foreclosure, no other or further action shall be brought, nor judgment entered for any deficiency, against the grantor *or the grantor's* surety, *guarantor* or successor in interest, if any, on the note, bond, or other obligation on such note, bond or other obligation * * *." (Emphasis supplied.)

In 1981, the legislature enacted an exception to the anti-deficiency provision governing trust deeds. Grantees under commercial trust deeds, but not residential trust deeds, now have express authority to proceed against a guarantor. Or Laws 1981, ch 811, § 1 *codified as* ORS 86.770(3); *see FDIC v. Burdell,* 307 Or 285, 766 P2d 1032 (1988).

[4] In holding that ORS 88.070 either discharged Enercon or extinguished the debt, the Court of Appeals relied on *Wright v. Nothnagel,* 163 Or 156, 96 P2d 228 (1939); *Lutz v. Blackwell,* 128 Or 39, 273 P 705 (1929). Both opinions could be read as suggesting that ORS 88.070 discharges the debtor. However, those cases addressed only the personal liability of the mortgagor, not the liability of the guarantor. *Wright v. Nothnagel, supra,* 163 Or at 160 and *Lutz v. Blackwell, supra,* 128 Or at 42. Thus, they are consistent with an interpretation of ORS 88.070 as a limitation on judicial authority in *Stretch v. Murphy, supra,* n 2, at 446-47. Moreover, *Wright* recognizes that the anti-deficiency statute is a limitation on the court's authority. 163 Or at 159. Those decisions are not authority for holding that ORS 88.070 extinguished the debt or discharged the guarantor.

debtor. Implicit in the *Eustis* rationale is the idea that an action on a debt is distinct from an action on a guarantee of that debt. Thus, raising a bar to one of the actions does not affect the ability to bring the other.

■         ORS 88.070 does nothing more than bar a deficiency judgment against a purchase money mortgagor. It does not extinguish the debt; it merely closes the avenue for collecting it. And even this limitation has no effect on a separate action to recover damages under a guarantee. Therefore, the Sumners' ability to recover from Howco does not depend on their ability to recover from Enercon. The Court of Appeals erred in concluding otherwise.

Howco also claimed that the Sumners breached their contract with Enercon. Because the Court of Appeals held that the Sumners' election to foreclose discharged Howco's obligation, the court did not address Howco's breach of contract claim. *Sumner v. Enercon Development Company, supra,* 92 Or App at 408. Therefore, we remand this case to the Court of Appeals for consideration of that issue.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings consistent with this opinion.